Parker *v*. Meader.

ENOCH G. PARKER *v* GRANVILLE MEADER.

*Deposition.    Officer.    Libel.*

An officer serving a citation upon one to be present at the taking of the deposition of another, should make return of his doings to the authority issuing the citation.

Therefore, *held*, that a citation, signed by a justice of the peace in Orange county, and addressed generally to any sheriff or constable in the State, notifying the defendant in a suit pending in Caledonia county to appear out of the State at the taking of a deposition of another party to be used in such suit, might properly be served on the defendant in Caledonia county by a deputy sheriff of Orange county.

The words, "he was married to a woman" (naming her). "and kept her till he got sick of her, and then sent her away, he having all this time two wives," amounts to a charge of bigamy, and is libelous.

CASE for libel. The cause was tried by jury, at the December Term, 1858, — POLAND, J., presiding. On trial the plaintiff offered the deposition of one Marstin, to the admission of which the defendant objected on the ground of the insufficiency of the service upon him of the citation to appear at its taking. The defendant was a resident of Groton, in Caledonia county, where the citation was served upon him. It was addressed generally to " any sheriff or constable in the State," and was signed by a justice of the peace for Orange county, where it was dated and signed, and it summoned the defendant to attend at the taking of the deposition in Lawrence, Massachusetts. The defendant claimed that an officer of Orange county, as such, had no author-

ity to serve this citation in Caledonia county, but the county court held otherwise, and admitted the deposition, to which the defendant excepted.

The alleged libel was set forth in the declaration as follows:

"Parker (meaning the plaintiff) was married to this M. J. Martin (meaning the said Mary Jane Martin) in Manchester, (meaning the city of Manchester in the State of New Hampshire, meaning that the plaintiff was by his own corrupt will and consent joined in wedlock with said Mary Jane Martin while he, the plaintiff, had a lawful wife in full life and being.) He (meaning the plaintiff) kept her (meaning the said Mary Jane Martin) until he (meaning the plaintiff) got sick of her, (meaning the said Mary Jane Martin.) He (meaning the plaintiff) then sent her (meaning the said Mary Jane Martin) away in the fall, (meaning in the fall of 1855.) All this time (meaning from March 1853 to the fall of 1855) he (meaning the plaintiff) had two wives, (thereby meaning that the plaintiff had committed the crime of bigamy.")

The jury returned a verdict for the plaintiff, after which the defendant moved in arrest of judgment for the insufficiency of the declaration, but the court overruled the motion, to which the defendant excepted.

*Bliss N. Davis*, for the defendant.

*C. C. Dewey and S. B. Colby*, for the plaintiff.

PIERPOINT, J. The first question submitted for our consideration is as to the admissibility of the deposition of Marstin.

It is insisted by the defendant that he was not notified to attend the taking of the deposition according to the provisions of the act of 1854. The notice was served on the defendant in Groton, Caledonia county, by a deputy sheriff of Orange county, to attend the taking of the deposition in Lawrence, Massachusetts.

The notice was issued by a justice of the peace in Orange county, directed to any sheriff or constable in the State, commanding such officer to make service thereof and return according to law.

It is conceded that the officer serving this process had no authority to serve it in Caledonia county, unless it be considered as a process returnable within Orange county, where the officer resided, so as to come within the provisions of the act extending the jurisdiction of sheriffs and their deputies.

We think that the citation issued by the justice in pursuance of the statute, is a *returnable* process. The statute prescribes that a party shall be notified of the taking of the deposition, either by personal notice given by the magistrate taking it, or by a citation issued by a justice to be served on the party in the same manner as a writ of summons, and that no deposition, taken without such notice being given, shall be read as evidence. If notice be given by the magistrate personally, his certificate of that fact would be taken as evidence of it. But when the notice is given by citation, whether issued by the magistrate taking the deposition or by another magistrate, (as is usually the case,) the citation with the officer's return thereon, is the best evidence that the notice has been given as required by the statute. If the officer is not required to make a return of his doings, how is it to be known to others, besides him and the person on whom it has been served, that any service of the process has been made? The fact is to be established to the satisfaction of the magistrate who takes the deposition, and the court before which it is to be used, and this can be done in no other way so satisfactorily as by the official return of the person legally authorized to serve and return it.

If then a return is to be made by the officer making the service, *to whom* is it to be made? We think it should be returned as all other processes are, to the magistrate or authority issuing it, unless upon the face of the process, or by some express provision of law, it is made returnable elsewhere. In cases of this kind, it could, be propriety, be made returnable only to the magistrate who issued it, or to the one who is to take the deposition. To make it returnable to the latter would be, in a great majority of cases, impracticable, but a return to the former would be attended with no difficulty, and when done, it places the process and the evidence of its service where it can always be rendered available to prove the notice to the satisfaction of the magistrate taking the deposi-

Parker *v.* Meader.

tion, that he may certify the fact, and also to prove the manner and extent of the notice, if any question should be raised about it, before the court where the deposition is offered.

Such being the case, the notice was regularly served, and the deposition properly admitted.

It is urged in support of the motion in arrest that the plaintiff has not alleged in his declaration that at the time of publishing the matters complained of, the defendant knew that the plaintiff had a wife living ; and that this is necessary to show that the defendant acted with malice, inasmuch as the language used does not import any crime, and does not amount to a libel, unless the plaintiff had a wife.

We think this objection grows out of a misapprehension on the part of counsel, as to what the declaration contains. As we understand the declaration, it alleges that the defendant published of the plaintiff, that in March he came up here and brought a woman, by the name of Mary Jane Martin, and lived with her a year and one-half; that he was married to her in Manchester, and kept her until he got sick of her ; and then, in the fall, sent her away, he having all this time two wives.

This we think is an allegation, on its face, of matter, that is libelous, and imparts malice.

The offence consists in publishing that the plaintiff lived with and married another woman, when, at the same time, he had two wives.

If we are correct in our reading of the declaration, this objection falls to the ground.

The result is, the judgment of the county court is affirmed.