### JOESPH S. FRENCH *v.* JESSE WILKINS.

In the case of a writ of review, 'which it is provided by statute may be brought within three years "next after the rendition" of the judgment to be affected by it, the day on which the original judgment was rendered is to be excluded, in the computation of the three years.

French *v.* Wilkins.

WRIT OF REVIEW, brought under the provisions of chapter 26, section 28, of the Revised Statutes.* The defendant pleaded that the cause of action did not accrue to the plaintiff within three years next before the commencement of this suit. It appeared that the judgment in the original suit, which the plaintiff now sought to vacate by his writ of review, was rendered on the ninth day of May, 1840, and this writ of review was sued out on the ninth day of May, 1843.

The county court decided that the suit was not barred, and rendered judgment for the plaintiff; to which decision the defendant excepted.

*Keyes & Tyler* for defendant.

I. When a thing is to be done in a specified time after a particular fact, the day of the fact is to be reckoned as inclusive. 2 Stark. Ev. 782. Com. Dig., *Temps* A. 4 Kent 95. 2 Bl. Com. 112, (140.) *Presbrey* v. *Williams*, 15 Mass. 193. *Priest* v. *Tarlton*, 3 N. H. Rep. 93. Owen on Bankr. 154. Rev. St. 172, § 28. Ib. 53, § 9.

II. The exceptions to this rule are,

1. When an act is to be done from and after a day named, the day is not included. *Bigelow* v. *Willson*, 1 Pick. 485. *Wiggin* v. *Peters et al.*, 1 Metc. 127.

2. When it appears to be the intention of the parties, that the day *a quo* should not be included,—as in the cases of leases for twenty one years.

3. When a penalty, or forfeiture, is to be avoided, the law will construe the time liberally. *Lester* v. *Garland*, 15 Ves. 248.

III. In construing statutes of limitation of action, the day *a quo* is always included;—no authorities have been found to the contrary. See authorities *ub. sup.* *Price* v. *Hundred of Chewton*, 1 P. Wms. 437. *Norris* v. *Hundred of Gawtry*, cited in 2 Stark. Ev. 679.

---

*Which section is in these words,—"The writ of review, mentioned in the 'preceding section, may be commenced before the same justice, who ren-'dered judgment in the original suit, if he be in office, in the same county, ' or, if not in office in the same county, before any other justice, within three ' years next after the rendition of said judgment, and served in the same ' manner as other justice writs."

IV. The law does not notice parts of a day, in the computation of time.　See authorities *ub. sup.　In re Welman,* Law Reporter, May 1844, p. 25.

*Bradley & Walker* for plaintiff.

The question in this case is, in computing the three years, allowed for bringing the writ of review, is the day of the rendition of the judgment to be included, or excluded?

The question, whether, when time is to be computed *from an act done,* the day of the act is to be excluded, or included, has long been unsettled in the English courts, and their decisions have been adapted *to a sliding scale.* The decisions, principally relied upon in favor of inclusion, are *Norris* v. *Hundred of Gawtry,* Hob. 139, *King* v. *Adderley,* Dougl. 463, and *Castle* v. *Burditt,* 3 T. R. 623. The case in Hobart was an action against a hundred, by one who had suffered robbery within its precinct,—and it was held, that, in computing the year, within which the plaintiff was allowed to bring his action, the day of the robbery was to be *included.* This was a *penal proceeding.* The case in Douglass was an· action against a late sheriff, for not returning a process, the statute having provided that he should not be liable, unless he was required to return, &c., within six months from his leaving office; and it was held, that, in counting the six months, the day of his leaving office was to be included; but Lord Mansfield says it was against his first opinion, and gives, as a reason for a change of opinion, that it was a *penal proceeding,* and that the defendant was entitled to the most favorable construction of the statute, especially as it professed to be *for the ease of sheriffs. Castle* v. *Burditt* was an action of trespass against a custom house officer. It was provided by statute that one month's notice should be given, before commencing the action; and it was held that the day of the service of the notice was to be *included,* in computing the month. This decision is expressly based upon that in Douglass, yet it is without any of those peculiar reasons, that led to that decision.

The question of computing time again came up in *Lester* v. *Garland,* 15 Ves. 248, which was ably argued, and fully considered, and all the prior cases were examined. It was a case of bequest,

upon a condition that a certain security be given within six calendar months from the decease of the testator. The testator died Jan. 12, 1805, and the security was given July 12, 1805; and it was held to be in time. The Master of the Rolls, in that case, refers to the case of *Mercer* v. *Ogilvie*, decided in the House of Lords, where it was held, that, in ascertaining whether a grantor lived sixty days after the making and granting a certain deed, the day, on which the deed was made and granted, was to be *excluded*. In *Pellew* v. *Hundred of Wonford*, 9 B. & C. 134, in an action against the hundred, for damages done to premises maliciously set on fire, it was held that the two days, allowed by statute for giving notice of the offence, were exclusive of the day on which the fire happened. In *Hardy* v. *Ryle*, 9 B. & C. 603, which was an action for false imprisonment, where the action was required to be brought within six months, and the discharge was on the 14th day of December, and the action was commenced on the 14th of June following, it was held that the action was commenced in time.

The American cases, so far as they have fixed any rule in relation to the computation of time, *exclude* the day of the date, or of the act done, and count from the expiration of that day. In *Henry* v. *Jones*, 8 Mass. 453, it was held that a note, payable "in sixty days," is payable in so many days from the date, *exclusive of the day of the date*. And see *Rand* v. *Rand*, 4 N. H. Rep. 267 ; 2 Conn. 69. In *Portland Bank* v. *Maine Bank*, 11 Mass. 205, it was held, that, in computing the thirty days after judgment, during which property attached on mesne process is held, the day on which judgment was rendered is to be excluded. The case of *Bigelow* v. *Willson*, 1 Pick. 485, involved the question of the time, within which redemption might be made of property sold on execution. The land was sold, and the sheriff's deed was made and delivered Nov. 6, 1820 ; the statute provided that land might be redeemed "within one year next after the executing, by the officer to the purchaser, of the deed thereof." The tender was made Nov. 6, 1821 ; and it was held to be in season, and that, in making the computation, the day of the date, or act, should be excluded. *Windsor* v. *China*, 4 Greenl. 298, where it was necessary for the defendants to show that they objected to the plaintiff's notice "within two months

after such notice," and the notice was given Oct. 20, 1823, and the answer was received Dec. 20, 1823, it was held that the day of giving the notice was to be *excluded*, and that the answer was in time. In *Wing* v. *Davis et al.*, 7 Greenl. 31, it was decided, "that, in computing the three years after entry for condition broken, within which a mortgagor may redeem, the day of such entry is to be *excluded*. In *Blake* v. *Crowninshield*, 9 N. H. Rep. 304, in a contract for a sale of lands, the plaintiff was to have three months to satisfy himself and select lands. The contract was dated April 8, 1835; the election was made and notified to the defendants July 8, 1835; and it was decided to be in time. The court say, "The tendency of the recent decisions undoubtedly is, to exclude the day of the act, unless, to save a forfeiture, or for some other special reason, it becomes necessary to reckon it inclusive."

*Snyder* v. *Warren*, 2 Cow, 518, was a case of lands sold at public sale, Aug. 15, 1822. The statute allowed redemption "within fifteen months after such sale" by a creditor. An offer to redeem was made Nov. 15, 1823; and the court say, that the party "had the whole of the 15th of Nov. on which to redeem." *Ex parte Dean*, 2 Cow. 605, was a motion for a mandamus to quash an appeal, because not taken in time. The statute allowed an appeal at the time of rendering judgment, or within four days thereafter. The judgment was rendered Sept. 12; the appeal was taken Sept. 16; and it was held to be in time. This case is very analogous to the one under consideration. The case of *Sims* v. *Hampton*, 1 Serg. & R. 411, was upon an appeal from the decision of arbitrators. The statute authorized an appeal "within twenty days after the entry of the award on the docket." The entry was made Aug. 2; the appeal was taken Aug. 22, and was held, by Ch. J. Tilghman, to be *in time*. He cites 1 Crompt. Pr. 46 and Sellon 102, to show, that, under St. 5 Geo. II, c. 27, which requires that an appearance be entered "within eight days after the return of process," the day of the return is *excluded*. And in *Brown* v. *Brown*, 3 Serg. & R. 496, the same point was decided in the same way. The statute authorized an appeal from an alderman "within twenty days after judgment being given;" the judgment was rendered March 1st; the appeal was entered March 21st, and was holden to be in time.

44

The terms of the statute, on which this writ of review is founded, are precisely similar to those of the several statutes construed in the three last cases above cited.

The opinion of the court was delivered by

HEBARD, J. This was a writ of review, brought by the defendant in the original suit, under the provisions of the statute. The statute provides, that, in the cases there specified, the writ of review may be commenced "within three years next after the rendition of the judgment," &c. In this case the judgment was rendered on the ninth day of May, 1840, and the writ of review was brought on the ninth day of May, 1843. The only question in the case, for this court, is, whether the writ of review was commenced within three years next after the rendition of the judgment in the original suit.

This question cannot be settled entirely by authority; the *decisions* upon the point have been made under circumstances in some measure peculiar to themselves,—and in some of the cases the reasons for holding one way, or the other, were derived from the equity, or the hardship, of the particular case. Indeed, it is a little difficult to adopt any reasoning upon the subject, that is not open to some objection. The mode of computing, that has been adopted under the various provisions of our statutes, ought, perhaps, to be some guide in this case. In the service of writs, the day of service is excluded, when determining the legality of the notice. In computing the period that an execution has life, the day of rendering the judgment, upon which it issued, is excluded;—and so in fixing the time, within which the execution must be put into the hands of the officer, in order to preserve the lien created by the attachment of property, or to hold bail. The expression of the statute, in these cases, is, "from the time of rendering final judgment." The words, " *from the time of rendering*," and " *next after the rendition*," equally exclude the day of the judgment. This construction, which our statute has received in the cases referred to, would require that the same construction should be carried out in other similar cases.

It is a common maxim, that, in law, there is no fraction of a day; and, by applying that maxim, the whole question is settled. The

French *v.* Wilkins.

*time* of rendering is made to mean the *day* of rendering ; and when the time of rendering the judgment is thus made co-extensive with the day of rendering the judgment, the time cannot, legally, begin to run, until the day after the judgment is rendered.

The distinction, taken in the cases cited by the counsel for the defendant, is entirely forced,—unless in cases, where the phraseology of the statute, or writing, was such as to forbid any other conclusion. " *From a time* " and " *from and after a time* " are expressions used indiscriminately, and for the purpose of expressing the same idea. And the conflicting rules, that have been referred to, apparently grew out of a specious distinction, taken in cases where the court felt a strong desire, in the one case, and the other, to reach the *equity* of the case, and, for that purpose, made the *rule bend to the case,* instead of making the *case bend to the rule.* But, by adopting the principle, that there is, in law, no fraction of a day, we have a starting point, and a rule that admits of a general application.

The authorities cited by the plaintiff's counsel are too numerous to be reviewed at this time. But, if the question was to be decided upon the weight of authority, without regard to the practical construction which has been given to similar provisions of our statutes, we should feel compelled to yield to those authorities, which exclude the day, on which the act was done, in computing the period of time after such act.

Judgment affirmed.