UEL M. ROBINSON, *Appellee v.* THE EXECUTORS OF DAVID ROBINSON, *Appellants.*

#### Probate court. Appeal. Statute.

The appellants, desiring to appeal from the decision and report of the commissioners upon claims against a deceased person's estate, prayed the probate court to be allowed an appeal from the order and decree of the court ordering such report to be allowed and recorded. At the same time they filed in the probate court their objections to the claim allowed by the commissioners. *Held*, that the appeal was regular.

Robinson *v.* Robinson's Ex'rs.

In construing the statute (sec. 20, chap. LII., p. 353, Comp. Stat.,) which provides that an appeal from the report of commissioners upon claims against an estate, may be taken within twenty days after the return of the report to the probate court, the day when the report is returned is to be excluded.

If, on the last day allowed by statute for filing an appeal, after the usual business hours are over, and the office at which the appeal is required to be filed is closed, a party leaves his appeal in the actual possession of the proper officer to be filed, so that such officer has actual knowledge that it is so left and can then file it, and the officer, on the following morning, lodges it in the proper office, and enters it as filed on the day he actually received it such appeal is regular and within time.

*Aliter*, when it is merely left at the officer's residence, and it does not appear that it actually came into his possession on the day prescribed by the statute for taking the appeal.

An appeal from probate under such circumstances, is equally regular whether it be delivered to the register or judge of probate.

APPEAL from probate. The facts in the case are sufficiently stated in the opinion of the court. The appellee moved in the county court that the appeal be dismissed, and the court at the December Term, 1859,—KELLOGG, J., presiding,—dismissed the appeal, to which the appellants excepted.

——— ———, for the appellants.

——— ———, for the appellee.

ALDIS, J. The first question in this case is as to the regularity and validity of the appeal of the defendants from the proceedings in the probate court. On the 3d day of December, 1859, the commissioners upon the estate of David Robinson returned to the probate court their report allowing and disallowing claims against the estate, and on the same day the probate court made a decree accepting the report and ordering it to be recorded. The defendants prayed to be allowed an appeal " from the order and decree of the probate court." It is objected that this was not a sufficient appeal " from the decision and report of the commissioners" as provided in chap. 52, sec. 20 of the Comp. Statutes ; and that it should therefore be quashed.

In *Hodges, Executor* v. *Thacher et al.*, 23 Vt. 455, the court held that the probate court have a discretion as to accepting or rejecting a report of commissioners that is returned to the court,

as well for matters that do not appear as for those apparent on the face of the report; and may re-commit the report to the commissioners if necessary, and that the decision of the commissioners does not become an adjudication in contemplation of law, until returned and accepted by the probate court. It is the decree of the probate court accepting the report and ordering it to be recorded that makes it a final decision—a judgment and record. In this view of the effect of the decree, we think the prayer for an appeal is sufficient if it is expressed as praying for an appeal either from the decree of the court accepting the report, or from the decision and report of the commissioners. In these proceedings in the probate court there is no nicety of form. If the substantial object of the appeal appears, it is enough; and as the statute requires that the appellant shall, at the time of filing his application for the appeal, also file his objections to the claim in writing, it is obvious that the appellee is expected to refer to the objections as showing the reasons and grounds of the appeal. The objections filed in this case show fully the grounds upon which the appellant claims his appeal, and that the appeal is from the decision of the commissioners. To reject the appeal upon the ground that standing alone it is indefinite, when in compliance with the statute a contemporaneous and definite statement of objections has been filed for the very purpose of giving notice of the reasons for the appeal, would be a most senseless and punctilious adherence to nicety in matters of form. The appeal and the objections are required by the statute to be filed together, and when so filed they should be construed together. This objection to the appeal we deem untenable.

II. The report of the commissioners was returned and accepted by the probate court on the 3d of December, and the appeal was left at the residence of the judge of probate on the evening of the 23d of December. The statute provides that " the appeal in writing shall be filed in the register's office at the time of returning the commissioners' report, or within twenty days after such return."

The appellee claims that the day of the return, (December 3d) shall be included in the twenty days; if so, then the twenty days would expire on the 22d of December.

The general expression, that when computation is to be made from an act done, the day on which the act is done is to be included, and may be found very frequently in the books.

Thus no suit shall be brought " till one calendar month next after notice." Notice was given on the 28th of April, suit brought 28th of May. It was held to be .well brought, the day of notice (April 28th) being included in the calendar month; *Castle* v. *Burditt*, 7 Vt. 623.

So when a statute takes effect from 'its passage, the day on which it is passed is included; *Arnold* v. *The United States*, 9 Cranch 104.

So where a prisoner is sentenced to the State's prison, the day of his sentence is included in his term; 5 Pick. 420. So where letters patent are issued, the day of their date is included in the term; *Russell* v. *Ledsam*, 14 Mees. and Wels. 581. Very many other cases of a similar kind may be cited.

On the other hand, numerous cases may be found in the books where the day on which the act is done is excluded. In *Lester* v. *Garland*, 15 Ves. 248, Sir WILLIAM GRANT, Master of the Rolls, after an examination of most of the cases which had at that time been decided in England, says, " It is not necessary to lay down any general rule ; whichever way it should be laid down, cases would occur the reason of which would require exceptions to be made ;" and again, " on technical reasoning it would be more easy to maintain that the day of an act done, or an event happening, ought in all cases to be excluded, than that it should in all cases be included." The more recent decisions in England tend to exclude the day. Thus Baron PARKE, in 14 Mees. & Wels. 582, says: " The usual course in recent times has been to construe the day exclusively whenever anything was to be done in a certain day after a given event or date," and refers to the cases of *Webb* v. *Fairmance*, 3 M. & W. 473, and *Young* v. *Higgan*, 6 M. & W. 49, where the cases showing the modern rule are collected.

So in the United States the recent decisions all tend in the same direction. In *ex parte Dean*, 2 Cow. 605, where the statute provided that the party appealing from a justice's judgment shall at the time of rendering judgment or within four days there-

after, file a bond, etc., and the judgment was rendered on September 12, and bond filed September 16, it was held good. So in *Sims* v. *Hampton*, 1 Sergt. & Rawle 411, where " an appeal may be taken within twenty days after the entry of the award on the docket," the day of the entry was excluded. So in *Browne* v. *Browne*, 3 Sergt. & Rawle, 496, where " an appeal might be taken within twenty days after judgment being given," the day on which judgment was given was excluded from the twenty days. These cases seem to be directly in point for this case, as the words of the statute indicate more strongly than in this case that the time is to be computed from an act or event, rather than from a date.

To the same result are 4 Greenlf. 298 ; 7 Greenlf. 31 ; 9 N. H. 304.

In this State there have been no decisions upon this very point. But in the service of process, in the filing of bills of exceptions and in various other cases in practice, the computation of time has been to exclude the day of the act done or judgment rendered from the time. Upon all commercial paper, in notes and bills payable in so many days or months from date, the day of date is excluded.

The ordinary and popular meaning which would be attached to this statute, which we think the legislature must have intended, and which in the transactions of business will not be likely to mislead common men, is that the party appealing shall have twenty days within which to file his appeal, not including the day of the return within the twenty days. It should be construed as if it read " within twenty days after the day of the return." By this construction this section harmonizes with the 28th sec. of chap. 47, which provides that appeals may be taken within twenty days from the date of the decision of the probate court. We think the legislature did not intend to have the time computed differently in appeals from ordinary decisions of the probate court, and in appeals from the decisions of commissioners. If, therefore, this appeal was properly filed on the 23d, we think it was in time.

III. The statute requires that it shall be filed in the register's office. The case shows that it was left at the usual residence of

the judge of probate between the hours of eleven and twelve o'clock at night of the 23d of December, and was filed and lodged in the register's office on the morning of the 24th of December. It does not appear that the appeal came to the possession and knowledge of the judge of probate on the 23d, and from his filing it on the 24th, we infer that it did not come to his possession and knowledge till the 24th. Upon these facts we think that the filing was not a compliance with the statute.

If after the usual business hours of the day are over, and the office is closed, a party to save his rights and bring himself within the statutory time, leaves an appeal in the actual possession of the proper officer to be filed, so that such officer has actual knowledge that it is so left and can then file it, and the officer on the following morning lodges it in the proper office and enters it as filed on the day he actually received it, *nunc pro tunc*, we think such appeal and filing would be regular and within time. For such purposes and out of the usual business hours, its coming to the actual custody and knowledge of the officer may be deemed in contemplation of law a filing in the office, and then it would be the duty of the officer at the earliest usual business hour of the following day to lodge it in the proper office. Hence the leaving it at the dwelling house of the judge of probate instead of the office at that late hour of night, we do not deem fatal to the proceeding. Nor do we think it fatal that it was left at the house of the judge of probate instead of the register, for we know that in practice in this State the duties of the register are very frequently, perhaps we may say usually, performed by the judge, and that it would be fraught with serious practical evils to hold that the acts of the register, when done by the judge, would not be regular and valid, or that the duties of the one might not be interchangeably performed by the other.

But the great and insuperable difficulty in this case is that it does not appear that the appeal was brought to the possession and knowledge of the judge of probate on the 23d. It does not appear that he had any knowledge of it till the 24th. This actual knowledge and possession by the proper public officer is indispensable, and these must exist within the limited time. In many cases it becomes the duty of public officers, as of town

clerks, to make a note of the hour and minute when a paper is left to be filed, and this is impossible if not brought to his actual knowledge and possession.

For this reason, therefore, we think the appeal in this case was not according to law, and the judgment of the county court is affirmed.