CARLETON GIDDINGS v. TOWN OF IRA.

*Highway. Notice. Evidence.*

1. In giving notice of an injury received on a highway fractions of a day are disregarded.
2. The defendant claimed that it was a sudden and unforeseen defect in the highway. *Held*, that the plaintiff was properly allowed to show how the defect was produced; that it existed at other winters prior to the injury; how the repairs could have been made, and the expense of making them; and in this case, the condition of the road since the accident.
3. Charge of the court, as to the duty of the plaintiff in travelling upon the highway and the effect of his negligence, sustained.

ACTION, case to recover for injuries received on the highway. Trial by jury, September Term, 1881, VEAZEY, J., presiding. Verdict and judgment for the plaintiff.

It was admitted by the defendant that the highway in question was one that the defendant town was required to keep in repair. The injury for which the plaintiff claims to recover in this action was received by him between 9 and 10 o'clock on the morning of the 27th day of February, A. D. 1880.

The plaintiff, to prove the notice required by the statute, called Silas Giddings as a witness, who testified that between 7 and 8 o'clock in the evening of the 18th day of March, A. D. 1880, he

delivered to Thomas A. Tower, one of the selectmen of the town of Ira, a notice in writing, signed by the plaintiff, a copy of which he produced. The defendant objected to the admission of the notice, and showed by the almanac that the year 1880 was a leap year, and that the month of February had twenty-nine days, and claimed that the notice delivered at the time stated by the witness was not within twenty days of the time of the occurrence of such injury or damage. The court overruled the objection and held the notice to have been seasonably given, to which the defendant excepted. No objection was made to the notice except that it was not given within the time required by the statute.

The evidence tended to show that the winter before the accident was an open one, freezing and thawing; and that the road at the time of the accident was icy, both ways from the place of the alleged insufficiency for some distance; that the road in question was in the woods where ice would remain much later in the spring than in other places; that the ice upon the water-bar in question was caused by a thaw or thaws, melting the snow or surface water and freezing of the same, and that the insufficiency complained of was such a sudden and unforeseen defect in the road that the town would not be liable therefor.

To show the contrary, and that the insufficiency in question was such as to make the town liable for injuries caused thereby, the plaintiff offered evidence tending to show that there was a spring or place in the road just above the water-bar in question from which the water flowed or oozed out, especially, in wet seasons, and ran down over the water-bar, caused by freezing the insufficiency complained of, and that the water had run or flowed from such spring a long time, causing a like insufficiency at such water-bar other winters prior to the injury of the plaintiff. To the admission of this evidence the defendant objected, but the objection was overruled and the evidence admitted; to which the defendant excepted.

The plaintiff offered evidence tending to prove the defect in question could be easily remedied at an expense of two or three dollars, either by filling up the middle of the road so that the water would run into the ditch, or by digging through the

bank so as to let the water run over the bank near the water-bar, or by digging a ditch across the road to this spring and putting in a drain or sluice to conduct the water therefrom over the bank.

The defendant claimed, and introduced evidence tending to show, that this road, or the alleged defect, could not have been remedied without great and disproportionate expense for a road of that character and importance. It therefore became necessary to show the exact situation and condition of the road at the time and place of the accident.

To do this the plaintiff offered evidence tending to prove that it had remained in the same condition or state of repair from the time of the accident to the time of trial, except a few days before the trial certain specified repairs had been made upon the same, and testimony was also offered describing the road and how the insufficiency could be remedied as aforesaid.

The defendant requested the court to charge the jury :

That if the plaintiff voluntarily attempted to pass over this road after he knew of the ice upon it, when he might have avoided it by going the other way, he cannot maintain this action against the town to recover for injuries sustained by reason of his horse falling upon the ice; that if the plaintiff knew, or had reason to believe that this road was dangerous by reason of ice before he reached the dangerous point, he could not, in the exercise of prudence, proceed to take the chances and look to the town for indemnity; that unless the plaintiff without knowledge or reasonable notice of the dangerous condition of the road, and in the use of the care and prudence of a prudent man in avoiding danger, sustained injury, he cannot recover; that there being two roads that the plaintiff might have taken, if he chose one that was dangerous after being notified of its condition, or having reasonable grounds of belief that it was dangerous, he cannot recover of the town for damages resulting from those dangers, which he might have avoided by taking the other road.

The court refused to charge as requested, but charged fully upon the subject of said request, and as to the degree of care and prudence incumbent on the plaintiff in order to be entitled to recovery.

" And that if the plaintiff's want of care and prudence or negligence contributed in the least degree to the happening of the

accident he could not recover." . . . "If you find the place of the accident was *so dangerous* that an ordinarily prudent man, knowing its condition, would not attempt to pass over it, then it was negligence for the plaintiff if *he* knew its condition or was informed in substance by Johnson what it was, to attempt to pass over the road. And such negligence would defeat the plaintiff in this action."

*J. C. Baker*, for the defendant.

The artificial rule that no fractions of a day are regarded in law, and that the whole day upon which an event takes place is to be excluded in the computation of time, should not be applied to these notices, for the statute has fixed the starting point of the notice at the "occurrence of the injury," and the notice must be given within twenty days of that point of time.

The plaintiff offered evidence, which was received over the objection of the defendant, " that the water had run or flowed from such spring a long time, causing a like insufficiency at such water-bar, other winters prior to the injury of the plaintiff." This is exceedingly dangerous tesitmony, wholly inadmissible and should have been excluded. *Coates* v. *Canaan*, 51 Vt. 131. The requests should have been complied with. 36 Vt. 580.

*W. C. Dunton* and *Edward Dana*, for the plaintiff.

The notice was seasonably given. In the computation of time it has always been practiced, in reckoning a given number of days, to exclude the day of the act. Roberts' Dig. p. 679 *et seq.* The law has no fraction of a day. *Bank* v. *Bank*, 11 Mass. 205; 20 Vt. 655; 1 Pick. 495; 3 Gray, 316. The evidence was admissible. 1 Starkie Ev. p. 56; 6 Vt. 496. The charge of the court was correct. 47 Vt. 106; 16 Ib. 230; 19 Ib. 470; 37 Ib. 501.

The opinion of the court was delivered by

ROYCE, Ch. J. The notice to the defendant town was objected to for the reason that it was not seasonably given. If fractions of a day are to be disregarded, it is conceded that the notice was seasonably given. The general rule is that in law there are no fractions of a day. The exceptions made to the rule have

generallly been in cases where the power or right has been involved, as in *Courser* v. *Powers*, 34 Vt. 517 ; or where a question has been made as to the priority of acts of the same date. That this comes within the general rule is very clearly shown by the opinion of the court in *Robinson* v. *The Exrs. of Robinson*, 32 Vt. 738. The question there was, as to the validity of an appeal from the Probate Court. The statute required that the application for an appeal should be in writing, and filed in the register's office within twenty days after the commissioners returned their report. And it was held that the appliant had twenty days within which to file his application, not including the day upon which the return was made.

The notice required by the act of 1874 was to be given within twenty days of the occurrence of the injury or damage. And if fractional parts of a day are to be regarded, it is not obvious why they were not considered in that case. The slight difference in the phraseology of the two statutes does not warrant a different rule of construction for the one, from the one adopted in the construction of the other.

It is said by WILDE, J., in *Bigelow* v. *Wilson*, 1 Pick. 485, that a day is considered as an indivisible point of time ; that there can be no distinction between a computation from an act done and a computation from the day in which the act was done—so that the notice we hold was seasonably given.

It appeared that the road upon which the accident happened was a mountain road, upon which there was not a large amount of travel, and it was claimed that the defect therein which occasioned the accident to the plaintiff, was a sudden and unforeseen defect, for which the town was not liable.

To show that the defect was not of that character, the plaintiff was permitted to show how the defect was produced ; and that it had existed at other winters prior to his injury. The evidence was admissible to rebut the claim thus made by the defendant ; and as tending to show negligence on the part of the defendant in not having made the needed repairs, it was permissible for the plaintiff to show how the repairs could have been made, and the expense of making them.

Evidence that was introduced by the plaintiff against the objection of the defendant, tending to show the condition of the road from the time of the accident to the time of the trial was put in, and used for the purpose of showing what its condition was at the time of the accident ; and it was admissible for that purpose. It would aid the jury in determining its condition at the time of injury. *Coates* v. *Canaan*, 51 Vt. 131.

Exception was taken to the refusal of the court to charge as requested. The court charged fully upon the subject-matters involved in the requests, and the charge is referred to.

We have examined the charge, and find that as far as the defendant was entitled to a compliance with his requests, they were complied with.

The judge took great care in defining the legal rights and liabilities of the parties ; and in view of what appears as the history of the case, his presentation of it to the jury was eminently just and proper.

The judgment is affirmed.