## ALBERT G. COX v. EDWIN FAY.

*Agent's Power to Submit to Arbitration. Award Void. Replevin. Evidence.*

1. The steer in question was kept by the plaintiff's father, and the plaintiff being absent, wrote him to submit the question of ownership to two arbitrators named, if he, the plaintiff, could be present with his witnesses. The two first chosen refused to act, and the father selected another party without the knowledge of the plaintiff. By some mistake the wrong steer was exhibited to the arbitrator. *Held*, that the award, under such circumstances, was void; that an agent, with power to submit for arbitration to one party, could not submit to another party; that his acts in submitting to arbitrate were not evidence of authority to submit; and the fact that the wrong steer was exhibited at the time of the arbitration would, also, vitiate the award.

2. One, though not the owner, entitled to the possession of personal property may maintain replevin against a party who cannot show a better right to it.

REPLEVIN, for a steer. Plea, general issue with notice. Trial by jury, December Term, 1881, TAFT, J., presiding. Verdict for the plaintiff. It appeared that the plaintiff and defendant both

purchased some steer calves in the fall of 1879; that the plaintiff employed his father to keep his; that, the next spring the yearlings of both parties were kept in pastures near each other, and they escaped from one pasture to the other and mingled together. In the next fall each claimed to own the steer; and the defendant drove it off. Thereupon George W. Cox, the plaintiff's father, procured a writ of replevin to replevy the steer, gave it to an officer to serve, and accompanied him to the defendant's. They then agreed to submit the ownership of the steer to the arbitrament of Philo Hatch and O. L. Richmond. The writ was not served. When the steer in question was driven away, there was left in the defendant's pasture one steer which neither party claimed. This pasture was under the care of one Baker.

Said George W. testified that at the request of the defendant he, Cox, went to see Baker, and have him take the unclaimed steer to the place of the arbitration; but he did not take him but took a steer belonging to another party. Defendant had nothing more to do with getting the unclaimed steer from Baker's to the arbitration, and did not see Baker till the arbitration; but he admitted that he knew the steer which Baker drove there was not the unclaimed steer. Cox also testified that he was told that this steer was not the unclaimed steer, but it did not appear when he was so informed. The defendant and Cox agreed upon the time and place of hearing, and it was agreed that when the arbitration took place, the unclaimed steer should be present for examination. At the time appointed for the hearing the parties met; but said Hatch and Richmond both declined to serve as arbitrators; and said George W. Cox and the defendant then agreed upon N. W. Smith as arbitrator, and went before him with their witnesses; and a hearing was had before said Smith, who decided that the steer in controversy belonged to the defendant.

Said Smith testified that he gave both parties an opportunity to produce their witnesses, and heard what they had to say in regard to the matter in controversy, and that no objection was made by either party to the hearing being had at that time; said G. W. Cox himself testified that he made no objection to the hearing being had at that time; but said that he did not get all of his witnesses, and he did not suppose the decision was going to be made so soon, but made no claim of fraud on the part of the arbitrator. A few days after said arbitration the plaintiff commenced this suit in his own name to replevy the same steer. Before the

bringing of the suit in the name of George W. Cox, the plaintiff was teaching school in Plymouth, and learning what had taken place wrote home giving directions as to proceedings relating to the steer. His testimony tended to show that he saw his father afterwards, and before the time appointed for the hearing, and was fully informed of the agreement to arbitrate, Hatch and Richmond being arbitrators, and did not forbid his father going forward with it before them, provided he, plaintiff, could be present and have his witnesses, but gave his father no authority to make any other submission than the one to Hatch and Richmond. The only other evidence on the point of what took place between plaintiff and George W. Cox, relating to said arbitration was that of said George W. Cox, whose testimony tended to corroborate the plaintiff's, as above stated ; said George W. Cox also testified that when the writ was not served, he took the matter of settling the title to the steer on his own shoulders contrary to orders. The plaintiff was not present at the arbitration. The defendant's evidence tended to show that he did not know that plaintiff claimed to own said steer till he commenced this suit ; that what was done by him with George W. Cox in reference to said arbitration was done in good faith, supposing him to be the owner. No question was made at the trial but that the arbitrator acted in good faith. The defendant requested the court to charge the jury that : 1. If the plaintiff knew that his father had agreed to settle the title to the steer by arbitration with the defendant, and did not forbid it, but allowed it to go on, and an award to be made, such award is binding, and a bar to the plaintiff's right to recover in this suit. 2. If George W. Cox, the plaintiff's father, who had control and management of all plaintiff's cattle, acting as his agent, agreed to settle the title to this steer with the defendant by arbitration, and an arbitration was had and an award made, such award is conclusive and settles the title to the steer. The court refused to charge as requested, but charged as follows : " But if you find by a fair balance of testimony that the replevied steer was the one bought by the plaintiff of Robinson, and that it was his property when taken, and was his at the time this suit was brought, the plaintiff is then entitled to a verdict, unless he is barred from making a claim to this property in consequence of the arbitration. There is a little dispute about what occurred at the time. An arbitration took place between the defendant and George Cox ; and the award, if one was made, was made in favor of the defendant. Of course it is for you to pass upon this question as to what took place at that arbitration and what was done by the parties. But the greater question with reference to that

is whether the submission, if one was made, was made by the authority of the plaintiff? The plaintiff admits that under certain circumstances he was willing to submit the case to the arbitration of Hatch and Richmond; but there is no evidence that he knew of the submission to Mr. Smith until after it had taken place. There is no evidence and no claim by either of the parties that anything was ever said about the submission of the matter to Mr. Smith until the time they met and had ascertained that the parties that they had agreed upon as arbitrators would not act, or could not act. This award of Mr. Smith is not binding on the plaintiff unless he authorized George Cox, his father, to make the submission, gave him authority to submit the matters in controversy to such person as George Cox might agree upon, or gave him authority generally to settle this matter by arbitration, and the father in the exercise of that authority did agree upon Mr. Smith. Now, what George Cox did in submitting the matter to arbitration is no evidence of his authority to make that submission. His authority must be proved independent of his acts in the matter of this arbitration, independent of whatever he did upon the day when this arbitration took place. The evidence upon this point is substantially that of the plaintiff and his father as to the authority that he did give his father. He claims that he only authorized and consented that the submission should be made to these two parties, Hatch and Richmond, as it was originally agreed upon, and that this should only take place upon condition of his being present."

*Norman Paul*, for the defendant.

It is a well-recognized principle of law that a person who has induced a course of action in another by his conduct or declarations, must stand by them whether true or false. Bigelow Estop. 434, 452; *Hicks* v. *Cram*, 17 Vt. 449; 47 Vt. 368. The authority of an agent can be shown by his conduct and representations, especially when they are known and acquiesced in by the principal. 1 Am. Lead. Cas. 554; Story Agency, s. 55, 56, 91, 92; *Rubber Co.* v. *Dunklee*, 30 Vt. 29; *Morse* v. *Powers*, 45 Vt. 300; *Alger* v. *Andrews & Blanchard*, 47 Vt. 239; *Huse* v. *Preston*, 51 Vt. 245.

The only question made on the trial as to the arbitration was, whether the plaintiff's father had authority to submit the question of title. It was conceded by both parties that the arbitrator

acted in good faith, and each party had an opportunity to be heard with their witnesses, and that the award was final if the plaintiff's father had authority to make the submission.

That portion of the charge as to what would render an award invalid on the ground of mistake, was volunteered by the court, as there was no claim made calling for such an instruction; and the principle of law, as enunciated by the court, was faulty, and cannot be sustained by authority. Morse Arb. 294, 316, 317; *Howard* v. *Puffer*, 23 Vt. 365; *Vanderworker* v. *Vt. Central R. R. Co.*, 27 Vt. 130; *Martin* v. *Wells*, 43 Vt. 428; *Shannon* v. *Bell*, 5 M. & S. 503.

*French & Southgate*, for the plaintiff.

The acts of a person do not prove his authority to do them. Story Agency, 146, n. 4. The burden was on the defendant to prove that the award changed the title, as the plaintiff had shown the steer to be his. 1 Starkie Ev. 376; 1 Greenl. Ev. s. 74; 6 Vt. 257. If a person justifies a taking under any authority whatever, he must show every matter and part of that authority. 1 Vt. 81. If the agent varies substantially from his authority, the act is void as to the principal. Story Agency, ss. 126, 165. The agent had no implied authority to change the submission. 2 Kent Com. 622; *Barron* v. *Fay*, 38 Vt. 705; 1 Aik. 104. Authority cannot be implied when there is *express* authority. Story Agency, s. 83.

The opinion of the court was delivered by

Rowell, J. Defendant's first request was not based on the evidence, and for that reason might properly have been disregarded. It does not appear that George W. Cox had ever agreed generally with defendant to settle by arbitration the ownership of the steer, nor, if he had so agreed, that such agreement ever came to the knowledge of the plaintiff. It only appears that the plaintiff was informed of his father's agreement to submit to Hatch and Richmond, to which plaintiff consented, provided he could be present with his witnesses. This is all the knowledge plaintiff ever had of an agreement to arbitrate, and the testimony

Cox *v.* Fay.

on his part tended to show that he gave his father no authority to make any submission other than the one to Hatch and Richmond, and there was no testimony to the contrary.

As to defendant's second request. The fact that plaintiff's father had the control and management of plaintiff's cattle, would not authorize him to bind plaintiff by an agreement to arbitrate. Nor would the fact that he *acted* as plaintiff's agent in making such an agreement, bind plaintiff. The question would still remain, Was he *in fact* plaintiff's agent? But the court complied with these requests as far as defendant was entitled to have them complied with, and the charge in this behalf was quite as favorable to the defendant as the case would warrant.

Smith's award would not bind the plaintiff unless he assented to the submission. And if he did assent, the award was vitiated by the fact that the wrong steer was present at the hearing—a mistake known to the defendant but unknown to plaintiff's father. It is obvious that this very mistake may have been decisive of the case. It was radical in its nature, and well calculated to deceive and mislead the arbitrator.

The acts of plaintiff's father in submitting to arbitration were not evidence of his authority to submit. Story Agency, s. 136 ; *Brigham* v. *Peters*, 1 Gray, 139. If the plaintiff proved that the steer originally belonged to him, it devolved on the defendant to show that he had ceased to be the owner.

The fact that Geo. W. Cox obtained a writ of replevin in his own name, was not evidence against the plaintiff. Plaintiff's letter to his brother directed generally that replevin should be brought, but not in whose name it should be brought. It was brought in his father's name without his knowledge or consent, and for that reason he could not be affected thereby. Besides, the suit might well be brought and maintained in his father's name, on the ground that, as against the defendant, his father had the right of possession, and not at all on the ground that he was the owner. *Sprague* v. *Clark*, 41 Vt. 6.

Judgment affirmed.