FREDERICK CHAFFEE v. MOSES D. HARRINGTON.

*Replevin. Estray.* R. L. s. 4053. *Date.*

1. A joint owner of personal property can maintain replevin in his own name to recover it, against one whose right to it is not superior to his.

2. The requirements of the statute,—R. L. s. 4053,—relating to the rights and duties of the finder of a stray beast, must be strictly complied with; thus, in an action to replevy a colt, which the finder had taken and sold at public auction under the statute as a stray beast to the defendant, *it was held* that a joint owner could recover, on the ground that the description of the estray in the advertisement was insufficient, and also that the advertisement was not seasonably recorded in the town clerk's office.

3. The statute requires that a person who finds a stray beast shall advertise the same within six days; *Held*, that the day when the advertisements were posted, is excluded in the computation of the time.

REPLEVIN for a colt. Heard on a referee's report, September Term, 1887, TAFT, J., presiding. Judgment for the plaintiff. The case appears in the opinion of the court.

*Lawrence & Mendon*, for the plaintiff.

*C. H. Joyce*, for the defendant.

The opinion of the court was delivered by

TYLER, J. I. The statute upon which this action is brought is as follows : " When goods of the value of more than twenty dollars are unlawfully taken, or unlawfully detained, from the owner or the person entitled to the possession thereof, * * * such owner or other person may cause them to be replevied." R. L. s. 1230.

It appears by the referee's report that the plaintiff had possession of the horse in controversy on the 30th day of May, 1884, when it strayed from his enclosure. His possession was presumably with the consent of Crampton who owned the horse jointly with him. At all events, under the authority of

*Sprague & Carr* v. *Clark*, 41 Vt. 6, and *Cox* v. *Fay*, 54 Vt. 446, the plaintiff had such possession as enables him to maintain this action unless it appears that the right of the defendant to the property is superior to his.

II. The second question is in regard to the description of the property in the advertisements. Sec. 4053, R. L., is as follows : " If a person finds money or goods, to the value of three dollars, or takes up a stray beast, the owner of which is not known, he shall, within six days thereafter, make two advertisements, describing such money or goods or beast, with the natural or artificial marks, with the time and place of finding or taking up the same, and set them up in two public places in the town in which such property was found."

The advertisement set up by Goodell, who found the colt in his pasture, was as follows : " Came into the enclosure of F. P. Goodell one bay horse colt, supposed to be two years old. The owner is requested to prove property, pay charges, and take it away."

That the colt could have been more accurately described is shown by the report which says : " Said colt was a light bay, not tall and rangy, but, as described, ' chunky ;' had a prominent white star in the forehead, about three inches long and two wide, a little, but not much, covered by the foretop ; mane and foretop not very long or heavy, mane, tail and legs dark color, constituting what is termed dark points in a horse ; carried tail a little to one side ; gelding in sex ; pacer in gait ; age four years as indicated by the teeth, but in general appearance looked rather younger ; about six inches of the tail was cut off square, ' banged,' " etc.

Sec. 4055 provides that, " If the value of such property exceeds ten dollars, the person finding it shall immediately cause a copy of the advertisement to be published three weeks successively in some newspaper circulating in such town."

The copy furnished by Goodell to the Ludlow Tribune and published therein was even more meagre in its description than

the posted notices, for it omitted the word " horse " which the latter contained.

It must be held that the description, both in the newspaper and in the posted advertisements, was insufficient to comply with the legal requirements. The plain purpose of the statute in requiring that the stray beast shall be described by its natural or artificial marks is that the owner who sees the advertisements may recognize the beast as his own; also, that when in search of and describing his estray, others who have seen the advertisements may from them be able to identify the beast. In this case not only were the obvious natural marks upon the colt omitted, such as, " chunky " in shape, the " white star," and " dark points," and the artificial mark of the " banged " tail, besides the peculiar gait, but the description that was given was misleading in incorrectly stating the age of the colt, which, as the referee finds, was indicated by his teeth.

III. The statute, R. L., sec. 4056, further requires that, " If the owner of such property does not appear and claim it within twenty days from the date of such advertisement, the person so finding it shall cause a copy of the advertisement to be recorded in the town clerk's office in such town."

The referee reports that the copy was not left in the town clerk's office until " about the last of June," which cannot be said to be in compliance with the section last quoted, as the date of the posted advertisement was May 30th, and that of the published copy June 5th.

The statute further provides that if the owner of the property does not appear and prove his title within ninety days from the time of posting the first advertisement, the person finding the property may sell it at public auction, and that the avails of the sale, after deducting expenses, shall be paid into the town treasury for the use of the owner, if demanded within one year, otherwise for the use of the town; but if at any time previous to the sale the owner appears and proves his title, upon paying the expenses he shall have his property.

As the owner, after ninety days loses the property, and after one year loses the avails of the sale thereof, it is but reasonable that the requirements of the statute should be strictly complied with. In all such cases where property is sold without the owner's knowledge, and where it is sold with his knowledge but without his consent, as in the sale of property for taxes, entire strictness is required. As was said by DEWEY, J., in *Smith* v. *Gates*, 21 Pick. 55, a case arising under a statute for advertising and selling impounded beasts, "It is incumbent on the defendant to show that all his proceedings have been in entire conformity with the provisions of the statute, and any failure in this respect being an abuse of an authority given him by law, will make him a trespasser *ab initio*." Again he says: "There can be no rule regulating the proceedings in such cases if we depart from the express provisions of the statute." In that case the sale was made twenty minutes before the expiration of the twenty-four hours' advertisement which the law requires, and it was held invalid.

In *Morse* v. *Reed*, 28 Me. 481, the court said in a case that arose under a similar statute : "The defendant justifies the taking and must sustain that justification by the law. He must show a full and entire compliance with the requirements of the statute." In all summary proceedings to divest a party of title to his property, the law authorizing the proceedings must be strictly pursued or the whole transaction will be void. An abridgement of the time of notice of the sale for the shortest period must avoid the sale. See *Clark* v. *Lewis*, 35 Ill. 416, a case under a like statute. In *Rex* v. *Croke*, 1 Cowper, 26, the rule is stated and has generally been followed in English and American courts, that when by statute a special authority is given to particular persons affecting the property of individuals, it must be strictly pursued and appear on the face of the proceedings.

Plaintiff's counsel strongly urge in their brief that the advertisement was not posted by Goodell within six days after he took up the estray, as the statute requires. The cases of

*French* v. *Wilkins*, 17 Vt. 341, and *Robinson* v. *Robinson's Ex'rs*, 32 Vt. 738, are authorities that the day when the act is done is to be excluded in the computation of time. See, also, *Biglow* v. *Wilson*, 1 Pick. 485. If the case was to be determined on the question of time we would hold that the advertisements were duly posted.

As the proceedings were illegal on account of the defective description and the failure of Goodell to cause a copy of the advertisement to be recorded in the town clerk's office within the time required by law, the defendant acquired no title to the property as against the plaintiff by his purchase of it at the auction sale ; and, as the plaintiff had the right of possession, the action can be maintained in his name.

The judgment of the court below is affirmed.