FRANK H. CRAMTON *v.* LEON B. CHAPMAN.

Special Term at Rutland, May 1911.

Present:   ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed October 9, 1911.

*Questions   Reviewable—Questions   not   Raised   Below—Replevin*
*—Title   of   Plaintiff—Evidence—Burden   of   Proof.*

An exceptor will be confined in the Supreme Court to the objection that he
   stated below.
Possession of personal property is presumed to be rightful, is some evidence
   of title, and is sufficient to support an action of replevin against a
   mere wrongdoer.
Where plaintiff was in possession of a horse and temporarily loaned it to a
   neighbor from whose custody a third person took it, the neighbor's
   possession was the possession of plaintiff, and was sufficient to support
   replevin by plaintiff against the third person who, to prevail, must
   show that he is entitled to have the horse returned by showing that
   his right is superior to that of plaintiff.

REPLEVIN for a horse. Plea, the general issue. Trial
by jury at the September Term, 1910, Rutland County, *Butler,*
J., presiding. Verdict and judgment for the plaintiff. The
defendant excepted. The opinion states the case.

*T. W. Moloney* for the defendant.

*Lawrence, Lawrence & Stafford,* for the plaintiff.

POWERS, J.   Joseph Chapman, the father of this defendant,
let the plaintiff have a horse. The plaintiff claims, and his
evidence tended to show, that this transaction was an absolute
gift of the animal, while the defendant claims, and his evidence
tended to show that the arrangement was subject to certain
conditions regarding the use of the animal, which conditions
had been violated by the plaintiff, whereby he had forfeited
all right to it. Soon after the horse was delivered to the plaintiff,
Joseph Chapman died and his widow succeeded to all his rights

in the horse, if any he had. The plaintiff loaned the horse to a neighbor, and the defendant, acting by authority of his mother, seized the animal and took it into his possession. Whereupon, this action of replevin was brought.

The only exception relied upon is to that part of the charge wherein the jury was instructed that, to defeat the action, the defendant must make out by a fair balance of evidence that "this gift or loan of the horse to the plaintiff was subject to those conditions, and that the plaintiff has violated those conditions."

The defendant now insists that this instruction required him to prove, not only that the transaction was a loan, but that it was a loan on conditions, and that the conditions were broken; whereas he would be entitled to hold the horse if the transaction was a loan and not a gift, regardless of conditions and breaches thereof. He also argues that the instruction was inconsistent with other instructions given and conflicted therewith. But these claims were not made below, and consequently will not be considered here. The only fault which the defendant found below with this instruction was that it put the burden of proof upon the defendant, when it should have been put upon the plaintiff. So this is the only point raised by the exception and the only one requiring consideration.

That the horse was, when seised, temporarily in the actual custody of another to whom the plaintiff had loaned it does not affect the rights of the parties here. The possession of the neighbor was the plaintiff's possession, and the situation thereby presented is just the same, so far as this litigation is concerned, as it would be had the horse been taken from the plaintiff himself. It sufficiently appears then, that the plaintiff was, at the time the defendant took the horse, in possession of it claiming to be its owner. Possession alone is better than no title at all; it is presumed to be rightful and is some evidence of title, and is sufficient to support an action of replevin against a mere wrongdoer. It was said by this Court in *Sprague* v. *Carr*, 41 Vt. 6, that "a person who is in the possession, claiming the property or an interest in it or a legal right to the possession, may maintain replevin against any person taking the property from him who cannot show a better right to it. The defendant in the action

of replevin can prevail only when it appears that he is entitled to a return of the property, and that can be only when it appears that his right is superior to that of the plaintiff." This doctrine has been repeatedly approved in subsequent cases, and must be accepted as the settled law of this jurisdiction. *Cox* v. *Fay*, 54 Vt. 446; *Tittemore* v. *Labounty*, 60 Vt. 624, 15 Atl. 196; *Chaffee* v. *Harrington*, 60 Vt. 718, 15 Atl. 350.

The plaintiff in the case before us, by proof of his prior possession, established, *prima facie*, a right to maintain his action, and the instruction excepted to was free from error.

*Affirmed.*