HENRY SCHLITZ *v.* LOWELL MUTUAL FIRE INSURANCE COMPANY.

October Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 10, 1923.

*Insurance—Limitation in Policy of Time in Which to Institute Suit—Meaning of Phrase, "Within Twelve Months."*

1.  A condition in a policy of insurance providing that no recovery shall be had thereon unless suit is brought within a given time is valid unless the time prescribed can be said to be unreasonable, or the limitation is rendered inoperative by statute.

2.  Provisions in an insurance policy limiting the time within which
    a suit must be brought to secure recovery thereon are void
    when they conflict with statutory inhibitions.
3.  A provision in an insurance policy, fixing the time in which a
    suit may be brought thereon as "within twelve months next
    after the fire," does not mean less than that time, but precisely
    twelve months, hence is not void as in contravention of G. L.
    5622, which provides that no policy shall contain a time limit
    for the commencement of an action thereon to a period "less
    than twelve months from the occurrence of the loss," and mak-
    ing any condition or clause in the policy in violation thereof
    null and void.

ACTION OF CONTRACT on a fire insurance policy.  Plea, the
general issue.  Trial by jury at the September Term, 1921,
Windham County, *Fish*, J., presiding.  The court directed a ver-
dict for the defendant.  The plaintiff excepted.  The opinion
states the case.  *Reversed pro forma that plaintiff may apply for
leave to enter non-suit.*

*Barber, Barber & Miller* for the plaintiff.

*Carney, Blake & Simonds* (Gardner, Mass) for the defend-
ant.

SLACK, J.  This is an action on a fire insurance policy.  The
policy is dated September 16, 1919, and contains the following
provision, "No suit or action on this policy for the recovery of
any claim shall be sustainable in any court of law or equity un-
less all the requirements of this policy have been complied with,
nor unless commenced within twelve months next after the fire."
The fire which occasioned the loss for which this suit is brought
occurred January 20, 1920.  The writ is dated July 6, 1921.
After the plaintiff put the policy in evidence, the defendant
moved for a directed verdict on the ground that the suit was
not commenced within the time fixed by the provision of the
policy above quoted, the motion was granted and the plaintiff
saved an exception.

The plaintiff claims that the limitation clause in the policy
contravenes the provisions of G. L. 5622, and, therefore, is void.

That statute, so far as material to the question involved, is as follows: "A policy of fire, life or accident insurance issued or delivered in this State by an insurance company doing business herein shall not contain a condition or clause limiting the time of commencement of an action on such policy to a period less than twelve months from the occurrence of the loss, death or accident, * * * and any such condition or clause shall be null and void."

[1]    It is a well recognized rule that a condition in a policy of insurance providing that no recovery shall be had thereon unless suit is brought within a given time is valid unless the time prescribed can be said to be unreasonable, or the limitation is rendered inoperative by statute. *Bates* v. *German Commercial Accident Co.,* 87 Vt. 130, 88 Atl. 532, Ann. Cas. 1916C, 447; *Morrill* v. *New England Fire Ins. Co.,* 71 Vt. 281, 44 Atl. 358; *Riddlesbarger* v. *Hartford Fire Ins. Co.,* 7 Wall. 386, 19 L. ed. 257; *Sullivan* v. *Prudential Ins. Co. of America,* 172 N. Y. 482, 65 N. E. 268. See, also, cases collected in Rose's Notes on U. S. Reports, vol. 4, p. 998.

[2]    The rule is equally well settled, that such provisions are void when they conflict with statutory inhibitions. *Galliher* v. *State Mutual Life Ins. Co.,* 150 Ala. 543, 43 So. 833, 124 A. S. R. 83; *Smith & Marsh* v. *Northern Neck Mut. Fire Ass'n,* 112 Va. 192, 70 S. E. 482, 38 L. R. A. (N. S.) 1016; *Mass. Benefit Life Assn.* v. *Hale,* 96 Ga. 802, 23 S. E. 849; *Insurance Co. of North America* v. *Brim,* 111 Ind. 281, 12 N. E. 315; *Vesey* v. *Commercial Union Assur. Co.,* 18 S. D. 632, 101 N. W. 1074; *German Ins. Co.* v. *Luckett,* 12 Texas Civ. App. 139, 34 S. W. 173.

[3]    Whether the limitation clause before us conflicts with our statute depends, as the plaintiff says, upon the meaning of the word "within." While he argues with much plausibility that "within" twelve months is necessarily "less than" twelve months, we cannot adopt this view. This law was enacted to prohibit certain insurance companies doing business in this State from inserting in policies issued or delivered in this State a provision that an action thereon could not be maintained unless it was instituted before the expiration of six or ten months, or of any period less than twelve months. The provision in this policy does not fix the limit at less than twelve months, but pre-

cisely at twelve months. Under it the plaintiff had twelve months in which to bring suit. *Muse et al.* v. *London Assur. Corp.*, 108 N. C. 240, 13 S. E. 94; *Lowe* v. *United States Mut. Assn.*, 115 N. C. 18, 20 S. E. 169.

This conclusion is supported by our own cases where the meaning of the word "within" as used in various provisions of the statute are considered. *Chaffee* v. *Harrington*, 60 Vt. 718, 15 Atl. 350; *Muzzy* v. *Howard*, 42 Vt. 23; *Robinson* v. *Executor of Robinson*, 32 Vt. 738; *French* v. *Wilkins*, 17 Vt. 341. This being a valid provision the action cannot be maintained.

This case was heard and submitted with No. 1178 (96 Vt. 337, 119 Atl. 513), which is a case between the same parties and involves the plaintiff's right to recover under the policy here in question for the same loss. Inasmuch as the result reached in that case will enable the plaintiff to get a trial therein on the merits,—

*The judgment in this case is reversed pro forma that plaintiff may apply for leave to enter a non-suit, if so advised.*