Northern Security v. Mitec Electronics, No. 1167-99 Cncv  (Katz, J., Jan. 11, 2005)


[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                              Docket No. 1167-99 CnCiv


NORTHERN SECURITY

v.

MITEC ELECTRONICS


ENTRY


Plaintiff casualty insurer commenced this action seeking a declaratory judgment that it was not liable to defend or indemnify Mitec or related companies, on the basis of a policy it had issued years ago.  On July 1st, this court entered a declaratory judgment on plaintiff's behalf, granting the relief that had been requested—a declaration that there was no such duty.  July 14th saw the filing of two papers: plaintiff's motion to amend its

original complaint and recover already borne costs of defense in the underlying tort action and defendant Mitec's notice of appeal. Mitec now disputes plaintiff's ability to reopen a closed case to amend its complaint and expand its requested relief. The Vermont Supreme Court has remanded the matter, to permit our consideration of these issues.

We first take up the question of whether the filing of the notice of appeal divested this court of jurisdiction. We find no impediment to the exercise of jurisdiction because the motion to amend was filed on the same day as the notice of appeal. We cannot determine which of the two was first filed on July 14th, but it does not make a difference. See Giddings v. Town of Ira, 54 Vt. 346 (1882) (Vermont law disregards fractions of a day in determining parties' rights). If we disregard the fraction of a day by which the notice may have preceded the motion, we cannot hold that the notice divested this court of jurisdiction.

Rule 59(e), V.R.C.P., authorizes a motion to vacate a judgment rather than merely amend it. 11 C. Wright, et al., Federal Practice and Procedure 2d §2810.1. This text cites Forman v. Davis, 371 U.S. 178, 182 (1962) for the proposition that such a motion to vacate is permissible even if it does not specifically designate the particular provision of the Rules under which the motion was filed. Although the present motion neither designates the rule now under discussion, nor explicitly seeks to vacate the judgment just issued on its behalf, we think Rule 59 jurisprudence must govern the proper response to this present controversy. After all, "All pleadings shall be so construed as to do substantial justice." Rule 8(f), V.R.C.P. Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error. 11 Wright, et al., at 121. The trial court enjoys considerable

discretion in granting or denying the motion.  Id. at 124.  Of that treatise's "four basic grounds" upon which a Rule 59(e) motion may be granted, the third is to prevent manifest injustice.  Id. at 126.  Were the court not to permit the amendment here, plaintiff insurer may find itself in the unwelcome position of having paid out a very substantial amount to defend a pollution claim, having won the issue that it was not actually obligated to have borne those expenses, and yet being barred from ever recovering them because a res judicata defense will be interposed to a separate, later action initiated for the purpose.  That would be manifest injustice.  It was an error not to have included a prayer for recovery of those expenses, but not an error which cost the putative insured anything in the prosecution of this action heretofore.  We, therefore, conclude that there is authority pursuant to Rule 59(e) to vacate the judgment, even at the behest of the prevailing party, to permit the amendment and subsequent prosecution of a claim for restitution of advanced defense expenses in the underlying action.

Similarly, the reasoning for amending pleadings under Rule 15(a) echoes and supports these conclusions.  Forman, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.");  Bevins v. King, 143 Vt. 252, 254–55 (1983) (Rule 15(a) permits liberal amendments "to provide maximum opportunity for each claim to be decided on its merits rather than on a procedural technicality, to give notice of the nature of the claim or defense, and . . .  to assert matters that were overlooked or unknown . . . at an earlier stage in the proceedings.").  It would contradict the overall purpose of the rules to interpret one rule as a technical roadblock to another, when their mutually stated purpose is to reach the substance of the claim.

Having concluded that Rule 59 applies, we also note that the motion

to amend timely triggered the jurisdiction it affords.  Given the two intervening weekends, the ten days permitted under rule 59(b) is satisfied.  Even avoiding the question of whether Monday, July 5 should have been omitted from counting as a holiday, the 14th is only the ninth day.  Hence the motion is timely.

The motion to amend is granted.  Judgment vacated.

Dated at Burlington, Vermont, _____, 2005.

_____
Judge