PHILIP CARPENTER *v.* MARTIN H. GIBSON.

May Term, 1909.

Present: MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed August 25, 1909.

*Depositions—Admissibility—Return of Citation—Authority of Magistrate—Presumption—Evidence — Hearsay — Responsiveness of Questions—Attorney and Client—Action for Services—Sufficiency of Evidence—Auditor's Report—Construction—Exceptions.*

A citation in this State to take depositions in another State need not be returned to the magistrate issuing it, if after it is properly

served it is seasonably received by the officer taking the depositions; and where such citation was sent to plaintiff's attorneys in this State after service, and was by them mailed to plaintiff in New York, and returned with plaintiff's depositions in an envelope properly sealed and subscribed, it will be presumed that the citation was in the hands of the notary who took the depositions when they were taken.

The person purporting to have acted as the magistrate in taking a deposition in a foreign jurisdiction will be presumed to be lawfully entitled to his assumed official character; and the failure of a notary, taking depositions in another State to be used here, to affix his notarial seal to his signature at the end of the caption does not make the deposition inadmissible in evidence.

In an action of book account for legal services, testimony of plaintiff as to a conversation with his stenographer regarding the delivery of a message that the stenographer testified she had received from defendant with instructions to communicate it to plaintiff, was admissible.

In an action of book account for legal services, a witness's answer to a question as to what was the reasonable value of plaintiff's services that he should consider a designated sum a reasonable charge, according to the current charges for legal services in the city where plaintiff practiced, was responsive, the reference to the fees in that city was proper as one of the matters on which the opinion was based.

In an action of book account for legal services, evidence *held* to sustain the auditor's finding that the services were rendered within a reasonable time after plaintiff's employment.

In an action of book account for legal services, where defendant claimed that plaintiff did not give his opinion within a reasonable time after his employment, the auditor's report referred to defendant's conduct from which plaintiff might have inferred that no immediate opinion was expected, and also stated that "there is no evidence as to plaintiff's engagements during the time, nor * * * as to the cause of plaintiff's delay in sending the opinion." *Held* that it would not be taken that the auditor considered the absence of the evidence mentioned as favorable to plaintiff in the face of the fact that the burden was on him to show that his services were rendered within a reasonable time.

In book account for legal services, the auditor stated in his original report that all the testimony as to the value of plaintiff's services

was contained in the depositions of plaintiff and three others, and that his findings on that question were based solely on that evidence. This was excepted to as not based on all the evidence in the case, and the report was recommitted for a determination of the value of the services without considering two of the depositions, and the auditor reported that he made the same findings without considering the two depositions. *Held*, that it was not necessary to renew the exception in order to save it, as the additional finding was on the same basis less the two depositions.

The auditor stated both in his original and additional reports that defendant introduced no evidence as to the value of plaintiff's services, and that the findings on that question were made solely on the evidence contained in depositions introduced by plaintiff. *Held*, that the reports did not mean that the auditor took the depositions as conclusive on that question, without considering the circumstances of the case, such as the assistance afforded plaintiff by defendant's other attorneys, his delay in furnishing his opinion, and the fact that it was so unseasonable as to be of no value to defendant.

BOOK ACCOUNT for the value of legal services. Heard on auditor's report, and exceptions thereto, at the June Term, 1908, Caledonia County, *Hall*, J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Howe & Hovey* for the defendant.

The citation should have been returned to the magistrate who issued it. *Ellis* v. *Cleveland*, 54 Vt. 437; *Gibson* v. *Holmes*, 78 Vt. 110; *Wright* v. *Templeton*, 80 Vt. 358. The notarial seal should have been affixed at the end of the caption, otherwise it cannot be presumed that the person taking the deposition was a notary at the time of the taking. *Beach* v. *Workman*, 20 N. H. 379; *Pierce* v. *Indseth*, 106 U. S. 546.

When the facts are undisputed, and different inferences cannot reasonably be drawn therefrom, the question of what is a reasonable time is one of law for the court. *Hill* v. *Hobart*, 16 Me. 164; *Western* v. *Carr*, 71 Me. 356; *Morse* v. *Bellows*, 7 N. H. 549, 28 Am. Dec. 372; *Field* v. *Nickerson*, 13 Mass. 131; *Prescott* v. *Caverly*, 7 Gray 217, 66 Am. Dec. 473; *Loring* v. *Boston*, 7 Metc. 409; *Lockwood* v. *Crawford*, 18 Conn. 361;

*Wright* v. *Bank,* 110 N. Y. 237; *Force* v. *Dutcher,* 18 N. J. Eq. 401; *Travelers Ins. Co.* v. *Myers,* 62 Ohio St. 529, 49 L. R. A. 760; *Turner* v. *Iron Mining Co.,* 74 Wis. 355, 5 L. R. A. 533; *Bowen* v. *Detroit,* 54 Mich. 496, 52 Am. Rep. 822; *Leonard* v. *Olsen,* 99 Iowa 162, 35 L. R. A. 381; *Normile* v. *Nor. Pac. R. R.,* 36 Wash. 21, 67 L. R. A. 271; *Randolph* v. *Frisk,* 58 Mo. App. 400; *McFadden* v. *Henderson,* 129 Ala. 121; *Sessions* v. *Newport,* 23 Vt. 9; *Tilton Safe Co.* v. *Tisdale,* 48 Vt. 83; *Whitcomb* v. *Denio,* 52 Vt. 382; *Chamberlin* v. *Fuller,* 59 Vt. 247; *Norton* v. *Gleason,* 61 Vt. 479; *Gregg* v. *Bean,* 69 Vt. 22; *Ins. Co.* v. *Haynes,* 71 Vt. 306; *Brainard* v. *Van Dyke,* 71 Vt. 359; *Rioux* v. *Ryegate Brick Co.,* 72 Vt. 148; *Reynolds* v. *Reynolds,* 74 Vt. 463; *Ellis' Admr.* v. *Durkee,* 79 Vt. 341; *Goodyear Metallic Rubber Co.* v. *Baker's Est.,* 81 Vt. 39.

*Dunnett & Slack* for the plaintiff.

The caption was sufficient, and sufficiently showed that the depositions were taken on proper notice. *Davis* v. *Davis' Est.,* 48 Vt. 502; *Ins. Co.* v. *Wright,* 60 Vt. 515; *Waddington* v. *Roberts,* L. R. 3 Q. B. 579; *Crane* v. *Thayer,* 18 Vt. 162; *Barron* v. *Pettes,* 18 Vt. 385.

MUNSON, J.   The plaintiff is an attorney whose office is in New York City, and his evidence consisted of depositions taken in New York on notice issued and served in this State, and without an appearance by defendant.   The depositions were objected to because the citation was not filed in any court, nor returned to the official who issued it, before it was sent to New York.   The defendant cites in support of his objection *Parker* v. *Meader,* 32 Vt. 300.   The citation in that case was signed by an Orange County justice, and the service was in Caledonia County by a deputy sheriff of Orange.   That officer had no authority to serve the citation outside his county unless it was a process returnable in that county.   The court considered that the citation was a returnable process, and that the official who issued it was the one to whom it was returnable, and therefore held that it was legally served.   This is not conclusive of the question presented here.   It may well be held that the citation is a process returnable to the official who signs it, as determining what officers

are entitled to serve it, without its being held that a failure to return it will make the deposition inadmissible. The statute contains no requirement that makes its actual return to the official signing it of any importance, if it comes to the hand of the official who takes the deposition, properly served. It appears that this citation was sent to the plaintiff's attorneys in this State after service, and was mailed by them to the plaintiff, and was returned with the plaintiff's deposition in a sealed envelope superscribed as required by the statute. This was evidence that the citation came into the hands of the notary who took the depositions, and it will be his presumed that it was in hands when the depositions were taken. See *Barron* v. *Pettes*, 18 Vt. 385. The failure to return it to the official who signed it, before it was sent to New York, did not make the depositions inadmissible.

It was also objected that the notary who took the depositions had not affixed his notarial seal opposite his signature at the end of the caption, and that the notarial seal affixed to the certificate of oath was not sufficient to prove that the authority taking the depositions was in fact a notary public. This objection is groundless. The same section of our statute which authorizes notaries public to take depositions provides that the acts of a notary shall be effectual without his official seal. Other sections provide that an officer authorized by the laws of the state in which he resides to take depositions to be used in that state shall have the same power to take depositions that is given to a justice in this State, and that the depositions of witnesses living without the State shall be allowed if taken agreeably to the laws of this State. P. S. 1609, 1612, 1613. It has long been the settled practice in this State to receive depositions taken in any of the United States which purport to have been taken by competent authority and are not impeached; it being presumed that the officer taking the deposition is lawfully entitled to the official character which he assumes, and that he had authority to take depositions. *Crane* v. *Thayer*, 18 Vt. 162, 46 Am. Dec. 142.

Defendant objected to certain answers in plaintiff's deposition in which he testified to a conversation had with his stenographer. It is urged that the conversation was not in the presence of the defendant, and was hearsay. The evidence was properly considered. It was merely evidence of the delivery of a message which the stenographer had testified to as having

been received from the defendant with instructions to communicate it to the plaintiff.

Deponent Ufford, who was associated with the plaintiff in business, and had knowledge of the matter submitted and the services rendered, was asked to give his opinion as to the reasonable value of plaintiff's services, and said in reply, "I should consider $250 a reasonable charge, according to the current charge for legal services rendered in New York City." It is urged that the answer is not responsive, and is based solely upon the deponent's knowledge regarding current charges for legal services in New York City. The objection is not tenable. The witness gave his judgment as to the reasonable value of the services, mentioning one of the matters on which his judgment was based; and the thing mentioned was an element proper to be considered.

The defendant excepts to the finding of the auditor that the services were rendered and the opinion given within a reasonable time after the employment. It is urged that the question of reasonable time is a question of law on the facts reported, and that the court should hold that the work was not done within a reasonable time. It is said that different inferences cannot reasonably be drawn from the facts detailed in the report; and we are referred to the language used by the court in *Sessions* v. *Newport*, 23 Vt. 9, that "where the inference is one which admits of no doubt, so that it will strike all minds alike, the court may determine the question as matter of law." It is true that cases have arisen in which the question of reasonable time has been disposed of by the court, and the defendant's claim requires some reference to the facts reported.

Defendant's brief says it appears from the report that defendant stated his case to the plaintiff on the twenty-eighth day of January, and told him he would call for his opinion the next day; that he called the next day and found the plaintiff was out, and left word for the plaintiff to write him the result of his examination; and that the opinion was mailed him on the tenth day of March—forty-one days after he applied for it, and long after the business was disposed of. But this is not all that is shown by the report. It appears further that after the defendant had stated his case plaintiff gave him an offhand opinion that he was entitled to recover the full contract price, but said it would be

necessary for him to examine the law before giving a final opinion; that defendant then told the plaintiff he wanted him to make all the examination necessary, that he wanted to be sure what his rights were, and that he would call the next day for the opinion; that when he called the next day and found the plaintiff was out he said he could not wait, that he was returning to Vermont that night and wanted the plaintiff to write him the result of his examination and tell him how much he would charge to take care of the case if he decided to bring suit in New York; that at the time defendant applied to the plaintiff he was in New York with an arbitrator for an adjustment of his claim, but that he said nothing to the plaintiff about this and gave no reason for wanting the opinion the next day; that the award was published on the thirtieth, and that defendant received a part of the sum awarded the same day and the balance within a week; that defendant never informed the plaintiff that the business had been disposed of, but left the matter standing on what he had said at the office the twenty-ninth. It is obvious that this is not a showing on which the court can say as matter of law that the opinion was not furnished within a reasonable time.

It is argued that although the burden upon this question was on the plaintiff, the auditor has based his conclusion upon the absence of evidence rather than upon the facts appearing. But most of the negative matters referred to in support of this view have reference to conduct of the defendant from which the plaintiff might suppose that no immediate report was expected. It is true that following these matters the report says: "There is no evidence * * as to the plaintiff's engagements during the time, * * nor is there any evidence as to the cause of the plaintiff's delay in sending the opinion. * *" But the court will not infer from this that the auditor gave the want of such information a bearing favorable to the plaintiff. The other claims made in connection with the subject are covered by our disposition of the main question.

The auditor says in his original report that all the testimony in the case as to the value of plaintiff's services is contained in the deposition of the plaintiff and in those of Ufford, Hitchcock and Miner; that there was no other evidence in the case tending to show what the customary or reasonable charges are for the professional services of lawyers in New York City; and

that his finding as to the value of plaintiff's services is made solely upon the evidence contained in these depositions. The defendant excepted to the report because this finding was based solely upon the evidence contained in the depositions and without considering the other evidence. The report was recommitted for the auditor to find and report what the plaintiff's services were fairly and reasonably worth without considering the evidence of Miner and Hitchcock. In his additional report the auditor says, "as stated in the original report the defendant introduced no evidence" as to what the plaintiff's services were fairly and reasonably worth, but that the depositions of plaintiff and Ufford contained evidence upon this question. The auditor then makes the same finding as that contained in the original report, excluding from consideration the evidence of Miner and Hitchcock, and says that the finding is made upon the evidence contained in the depositions of the plaintiff and Ufford. No exception was taken to the additional report in regard to this finding as therein contained, and the plaintiff claims that this further finding destroys the force of the exception based on the finding as originally made. But the finding as repeated in the additional report is upon the same basis as the original finding with the testimony of Miner and Hitchcock eliminated, and we think it was not necessary to renew the exception to save the question.

As evidence bearing upon the question of value not contained in the depositions, defendant's brief points to the evidence of the defendant as to the circumstances of the employment, the information furnished the plaintiff, the assistance afforded him by the written opinion of defendant's Vermont attorneys, plaintiff's delay in furnishing his opinion, and the fact that it was of no value to the defendant. But the court does not understand from the above statements of the report that the auditor divested his mind of all the circumstances surrounding the transaction in accepting the estimates of value given in the depositions, or that he looked upon the estimates as evidence that was to be accepted as conclusive without any exercise of his own judgment.

*Judgment affirmed.*