HENRY SCHLITZ v. LOWELL MUTUAL FIRE INSURANCE COMPANY.

October Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 10, 1923.

*Insurance—Pleading—Requisites of Declaration in Suit on Insurance Policy—Test of Whether a Proposed Amendment to Declaration Is Allowable—Amendment Allowing Count Applicable to Policy—Presumption—Discretion of Court—Abuse of Discretion—Review by Supreme Court.*

1. Under G. L. 1801, the necessity of declaring specially either on fire, life, or accident insurance policies no longer exists.
2. In declaring on such policies all that is required is a general count in assumpsit with a specification giving the number of the

policy, the date of the fire, death, or accident, and the items involved, if the policy contains more than one item, but the count must be applicable to a contract of insurance.

3.  The true test of whether a proposed amendment to a declaration comes within the rule, that an amendment which brings in a cause of action different from that stated in the original declaration will not be allowed, is whether the proposed amendment is a different matter or the same matter more fully or differently laid; if the latter, the amendment is proper, but if the former it is improper.

4.  Under G. L. 1796, which provides that "Pleadings may be amended in matters of substance at any stage of the proceedings, under the direction and in the discretion of the court, upon such terms as the court shall impose," *held* that where the declaration in an action to recover on a fire insurance policy contained only the so-called common counts, the trial court, on application by the plaintiff, had a legal right to permit an amendment by adding a count applicable to the policy in question.

5.  Where a motion is addressed to the discretion of the court, the contrary not appearing, it will be presumed that his ruling thereon was so made.

6.  In such a case the ruling thereon will not be disturbed on review unless an abuse of discretion clearly appears.

7.  Abuse of discretion does not depend necessarily upon whether the court's action was prompted by intentional wrong or bad motive, but exists if its discretion was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable.

8.  Where a fire insurance policy contained a valid clause providing that no suit or action on such policy for any claim should be sustainable, unless commenced within twelve months next after the fire, which time had expired when a motion to amend a declaration, in an action on said policy instituted within such period, was made, the trial court exercised its discretion to an unreasonable extent constituting an abuse of discretion and making its ruling reviewable, in refusing to grant such motion to amend the declaration which contained only the general counts in assumpsit, by adding thereto a count applicable to

the policy in suit, since the effect of the court's action was to forever defeat plaintiff's right to recover under the policy.

ACTION OF CONTRACT. Plea, the general issue. Hearing on a motion by plaintiff for leave to amend declaration, at the September Term, 1921, Windham County, *Fish*, J., presiding. Motion overruled. The plaintiff excepted. Cause passed to the Supreme Court for hearing and determination on exceptions before final judgment on the merits. The opinion states the case. *Reversed and remanded.*

*Barber, Barber & Miller* for the plaintiff.

*Carney, Blake & Simonds* (Gardner, Mass.) for the defendant.

SLACK, J. The plaintiff seeks to recover on a fire insurance policy for a loss which occurred January 20, 1920. The writ, which was dated July 26, 1920, contained the so-called common counts, but did not contain a count applicable to a contract of insurance. The specification required by G. L. 1801 was filed with the writ. At the September Term, 1921, of Windham County Court, the plaintiff moved for leave to amend the declaration by adding a count applicable to the policy in question, the motion was denied, and the plaintiff saved an exception.

The questions for consideration are: Is the action of the trial court in denying the motion reviewable by this Court? and, did the proposed amendment introduce a new cause of action? These questions are considered in inverse order.

[1, 2] The necessity of declaring specially on insurance policies, either fire, life, or accident, no longer exists. G. L. 1801. A general count in assumpsit with a specification giving the number of the policy, the date of the fire, death, or accident, and the items involved if the policy contains more than one item, is all that is required. But the count must be applicable to a contract of insurance. *Wertheim* v. *Fidelity & Casualty Co.*, 72 Vt. 326, 47 Atl. 1071. Because the original declaration contained no such count, the defendant insists that the proposed amendment introduced a new cause of action, and, therefore, falls within the well-settled rule that an amendment which brings in a

cause of action different from that stated in the original declaration will not be allowed.

[3] In the application of this rule it is not to be understood in the sense of the strict rule applicable to pleading and evidence. In this strict sense almost every amendment may be said to introduce a new cause of action. The plaintiff in counting upon a promissory note, may accidentally misdescribe the note as to date, amount, or time of payment. This would be cause for rejecting the note as evidence, on the ground that the note was not the one declared upon. Such is the effect of the holding in *Wertheim* v. *Fidelity & Casualty Co., supra.* This would be true as applicable to that question, for the reason that in determining that question the court could only compare the note with the description in the declaration. But should the plaintiff apply for leave to amend, the court might grant it on being satisfied that the note was the same on which the suit was in fact brought. The one is a question of legal identity to be determined by comparison of the note with the declaration. The other is to a great extent a question of fact, depending on the purpose and intent of the plaintiff in bringing the suit and framing the original declaration. *Boyd* v. *Bartlett,* 36 Vt. 9; *Haskins* v. *Ferris,* 23 Vt. 673. The true test is whether the proposed amendment is a different matter or the same matter more fully or differently laid; if the latter, the amendment is proper; if the former, it is not. *Patterson's Admr.* v. *Modern Woodmen of America,* 89 Vt. 305, 95 Atl. 692. See also, *Daley* v. *Gates,* 65 Vt. 591, 27 Atl. 193, where cases illustrating the application of this rule are collected. No question is made but that the proposed amendment declared upon the same matter, that is, the same policy upon which the plaintiff attempted to bring suit; and that such is the fact conclusively appears from a comparison of said amendment with the specification filed with the writ. This being so, it would seem that the proposed amendment was proper, even under our former practice. But, be that as it may, we think that it was clearly permissible under the Practice Act.

[4] G. L. 1796 provides, "Pleadings may be amended in matters of substance at any stage of the proceedings, under the direction and in the discretion of the court, upon such terms as the court shall impose." This provision first appeared in the so-called Practice Act. Acts 1915, No. 90, § 4. This act was

entitled, "An Act to Simplify and Improve Court Practice and Procedure," and was the culmination of various legislative attempts to establish a system of procedure that would enable parties to get their rights settled in court on the merits without wading through a maze of legal technicalities. See, especially, Acts 1910, No. 84, and Acts 1912, No. 91. Under the former act counts in assumpsit and covenant, when for the same cause of action, might be joined in the same declaration; under section 2 of the latter act counts in assumpsit, *debt* and covenant might be joined. Section 1 of the latter act covered the very matter under consideration. It provided: "In an action on contract brought in the county court, when the original writ contains a declaration in the common counts only, the court in its discretion in term time or a superior judge in vacation, may after the plaintiff has filed his specifications, and it appears therefrom that he cannot recover under his original declaration, permit him to add special counts in assumpsit, debt or covenant for the same cause of action shown by his specifications, upon such terms as the court or judge shall prescribe." Under this statute the scope of the amendment was limited to the cause stated in the specifications, rather, than as formerly, to the cause stated in the original declaration. The change, manifestly, tended to hasten the end in litigation, without doing injustice to any one. When the plaintiff's specification was filed the defendant had notice of the claim made against him, and, if an amended declaration was filed for the cause of action stated in the specification, the defendant had opportunity to make answer thereto. Under this statute the proposed amendment would have been allowable.

But this statute was repealed in the revision of 1917. G. L. 7535, p. 1316. So, it remains to consider whether the rights thereby conferred are available under our present statute. If they are, it is by virtue of the provisions of G. L. 1796. This statute, as we have seen, provides that, "Pleadings may be amended in matters of substance at any stage of the proceedings." This language is broad enough to include all matters covered by No. 91, Acts 1912, and that the Legislature intended that it should cover those matters cannot be doubted when we consider, as we may, (*Church* v. *Crocker*, 3 Mass. 17; *United States* v. *LeBris*, 121 U. S. 278, 30 L. ed. 946, 7 Sup. Ct. 694; *Wellsburg & S. L. R. Co.* v. *Panhandle Traction Co.*, 56 W. Va.

18, 48 S. E. 746; *Rex* v. *Loxdale*, 1 Burrows, 447), its consistent and persistent efforts to simplify procedure and expedite the trial of causes on the merits, as appears from the acts referred to and other provisions of the Practice Act, of which G L. 1796 was a part. That the Legislature should provide for the transfer of actions at law into chancery, etc (G. L. 1797), to save delay and expense to the parties, and at the same time, abolish a statute which enabled a party to get his case heard on the merits in the forum where the suit was brought without commencing *de novo,* because of a mere technicality, is inconceivable. Moreover, the report of the commission appointed to revise the statutes to the Legislature of 1917 indicates that No. 91, Acts 1912, was superseded by the Practice Act, and the fair inference is that the Legislature in adopting the revision so intended. We hold that the trial court had the legal right to allow the amendment asked for. The cases relied upon by the defendant as supporting a different view (*Carpenter* v. *Central Vermont Ry. Co.,* 93 Vt. 357, 107 Atl. 569, and *Estabrooks* v. *Fidelity Mutual Fire Insurance Co.,* 74 Vt. 202, 52 Atl. 420), are not in point. In the former, an action for negligence, the original counts declared on the common law liability, while the amended counts declared on the Federal Employers' Liability statute (U. S. Comp. St. §§ 8657-8665). That the latter counts were for a different cause of action than that stated in the original counts is too obvious to require comment. The latter case was decided before the enactment of No. 91, Acts 1912, and, therefore, is not now an authority for defendant's claim, whatever its effect might have been under our former practice.

[5-8]    This brings us to the question of whether this Court has authority to review the action of the trial court in denying plaintiff's motion. This motion was addressed to the legal discretion of that court, and, the contrary not appearing, it will be presumed that the ruling was made as a matter of discretion. This being so, the ruling will not be disturbed on review unless an abuse of discretion clearly appears. Does such abuse appear? The answer to this question does not depend necessarily upon whether the court's action was prompted by intentional wrong or bad motive. If its discretion was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable, that would constitute an abuse of its discretion. *Dyer* v. *Lalor,*

94 Vt. 103, 116, 109 Atl. 30; *Root* v. *Bingham,* 26 S. D. 118, 128 N. W. 132. It is not claimed, nor could it well be, that intentional wrong or bad motive prompted the trial court to deny plaintiff's motion; but, we think the circumstances plainly show that it exercised its discretion to an extent clearly unreasonable. The policy in suit contained a provision that, "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless * * * commenced within twelve months next after the 'fire." This was a valid provision. See case between same parties, 96 Vt. 334, 119 Atl. 516. We have already seen that the fire occurred more than twelve months before the motion in question was filed, so that the effect of the court's action in denying the motion was to forever defeat the plaintiff's recovery of his claim under the policy, thereby subjecting him to irreparable injustice and enabling the defendant to avoid the payment of what, for aught that appears, was a just claim. In *Dana* v. *McClure,* 39 Vt. 197, a case similar in point of fact to the case before us, a like result would have followed had the amendment been denied. In sustaining the action of the trial court in allowing the amendment, this Court said: "The fact that the plaintiff was in such a position that, unless he was permitted to file a new count, the defendant would have been able to defeat his recovery of the debt does not make the additional count a new cause of action, and instead of being a reason for refusing, was the best reason for granting leave to file new counts. * * * We are unable to discover any tenable ground in reason or authority upon which the plaintiff could, in this case, have been denied leave to file pursuant to the rules of practice, this new declaration."

We are constrained to hold that, in the circumstances, the trial court exercised its discretion to an extent clearly unreasonable which, on the authority of the cases last cited, constituted an abuse of discretion. It follows that its ruling is reviewable.

*Judgment reversed, and cause remanded.*