HOWARD NATIONAL-BANK *v.* FIDELITY & CASUALTY CO.

February Term, 1923.

Present:   POWERS, TAYLOR, SLACK, and BUTLER, JJ., and FISH, Sup. J.

Opinion filed May 2, 1923.

*Insurance—Provision for Specification Under G. L. 1801 Merely Directory—Effect of Subsequent Leave to File Specification Out of Time—Motion to Dismiss Specification—Pleading— A Complaint Not Defective on Its Face Is Not Demurrable Because Recovery Cannot Be Had Thereunder on Policy Mentioned in Specification—Oyer of Policy in Such Case Prerequisite to Demurrer—Specification Not Part of Complaint for Purposes of Demurrer—Essential Elements of Complaint Under G. L. 1801—Sufficiency of Each Count Determined From Its Contents Alone on Demurrer—Attempted Pleading Under Common Law Does Not Deprive*

*Pleader of Statutory Benefits of Simplified Pleading—Sufficiency Determined Under Statute—Sufficiency of Allegations Relating to Performance of Conditions of Contract—General Count—Purpose of G. L. 1801—Questions Not Raised Below.*

1.  The provision of G. L. 1801, requiring that in an action on an insurance policy the specification shall be filed with the writ, is directory merely, its office being to appraise the defendant of what it will have to meet at the trial and to define the grounds of recovery, and, although good practice requires the specification to be filed as provided, non-compliance therewith is not necessarily fatal to the suit, hence when plaintiff, having failed to file such specification with his writ, subsequently filed it without leave or consent, the court did not err in overruling defendant's motion to dismiss the specification and in ruling that it might stand.

2.  Where the specification required under G. L. 1801 was filed out of time and without consent or leave, but leave was subsequently granted, the ruling then made took effect *nunc pro tunc*, and cured the omission.

3.  Though a specification, filed under G. L. 1801, disclosed a cause of action for which recovery could not be had under the complaint, a motion to dismiss the specification on that ground was properly overruled where the specification was complete and adequate in itself, since the insufficiency of the complaint to permit recovery on the claim disclosed by the specification was not the fault of the latter.

4.  Where a specification filed under G. L. 1801, showed that a complaint, consisting of the common counts in assumpsit, was for the purpose of recovering on an insurance policy, no new cause of action was introduced by permitting the plaintiff to amend by filing two additional counts based upon the policy referred to in the specification.

5.  Although no recovery could be had on a complaint containing only the common counts in assumpsit, the basis of the action being an insurance policy, a demurrer thereto was properly overruled where no defect appeared on its face, and if the defendant wished to demur he should have first obtained oyer of the policy.

6. A specification is no part of the complaint, so far as a demurrer to the complaint is concerned, and, therefore, cannot be pleaded to.

7. Under G. L. 1801, the cause of action on an insurance policy may be stated generally, and under G. L. 1791 this may be done in brief and simple language, the material facts to be stated being the contract and the breach of it.

8. In determining the sufficiency of a count under a demurrer, reference cannot be had to any other count for facts or conditions precedent, for although the other counts may be in the same complaint they are, for this purpose, as distinct as if they were in different complaints, and each must stand or fall on its own allegations, only the facts in each count being considered under demurrer thereto, and even a concession of counsel not varying this rule.

9. Where a pleader, in an action on an insurance policy, attempts to use a special count thereon under the common law instead of a general count under G. L. 1801, he is not thereby deprived of the benefits of such statute, and cannot be demurred out of court if the count sets out the contract and the breach thereof.

10. Such a count is to be judged, not by its sufficiency as a common law count, but by its sufficiency as a statutory count.

11. In such a count, a general allegation that the plaintiff has kept and performed all the conditions of the contract is adequate, for, while at common law it would have been necessary to set out each of these conditions and allege its fulfillment, all this may be done in a general way in a general count.

12. A general count is one which states the facts constituting the plaintiff's claim in a general way.

13. All that G. L. 1801 does is to provide a simpler mode of declaring on an insurance policy.

14. Where a demurrant is the excepting party, the Supreme Court under its Rule 14, will not consider a question not raised below, to present which in the Supreme Court leave has neither been asked nor granted.

ACTION OF CONTRACT to recover on an insurance policy. No specification was filed with the writ. Subsequently, the plaintiff, without consent of the defendant or leave of the court, filed a specification, which the defendant moved to dismiss. Motion

overruled and specification allowed to stand.  Plaintiff on motion was permitted to amend the original complaint, which contained only the common counts in assumpsit, by the addition of two special counts in assumpsit.  Defendant demurred to the original declaration and the additional counts.  Heard on demurrer at the March Term, 1922, Chittenden County, *Wilson,* J., presiding.  Demurrer overruled.  The defendant excepted, and cause passed to the Supreme Court before trial on the facts and final judgment.  The opinion states the case.  *Affirmed and remanded.*

*Erwin M. Harvey* and *Warren R. Austin* for the defendant.

Recovery cannot be had on an insurance policy under the common counts in assumpsit, but must be on a general count adapted to the cause of action.  *Estabrooks* v. *Fidelity Mutual Fire Ins. Co.,* 74 Vt. 202; *Wertheim Admx.* v. *Fidelity & Casualty Co.,* 72 Vt. 326; *Harvey Hersey* v. *Northern Assurance Co.,* 75 Vt. 441; *Morrill's Admx.* v. *Catholic Order of Foresters,* 79 Vt. 479.

*J. W. Redmond* and *Chas. F. Black* for the plaintiff.

The trial court may give consideration to the specification in determining whether or not a proposed amendment would constitute a different cause of action.  *Patterson's Admr.* v. *Modern Woodmen of America,* 89 Vt. 305, 312; *Globe Granite Co.* v. *Clements,* 92 Vt. 383, 386.

In determining whether there is a new cause of action, the true test is whether the proposed amendment is a different matter, or the same matter more fully laid.  *Davis Admx.* v. *Rutland R. R. Co.,* 82 Vt. 24; *Patterson's Admr.* v. *Modern Woodmen of America, supra; White* v. *Hall,* 91 Vt. 60; *Globe Granite Co.* v. *Clements,* 92 Vt. 383.

PowERS, J.    The defendant issued its policy insuring the plaintiff to the amount of $15,000 against loss through the dishonesty of Frank W. Elliott, its employee.  This action is brought to recover on that policy.  The original complaint contained the common counts in assumpsit, only, and no specifica-

tion was filed with the writ.   Sometime after the suit was entered in court, the defendant moved for a specification, and later on, the plaintiff, without the consent of the defendant or prior leave of the court, filed a specification showing that a recovery was claimed on the defendant's policy No. 604594, only.   The defendant moved to dismiss this specification, which motion was overruled, and leave was granted to file a specification and a ruling made that the one on file might stand.   The defendant excepted.

[1]   The rulings were without error.   The statute, G. L. 1801, requires that the specification be filed with the writ.   But this provision is directory, merely; there is nothing in the statute indicating that the Legislature intended that this kind of a specification should differ in quality or effect from the ordinary one filed under the rule or by order of court.   Its office was to apprise the defendant of what it would have to meet at the trial, and to define the ground of recovery.   This is implied in *Hersey* v. *Northern Assurance Co.*, 75 Vt. 441, 56 Atl. 95, wherein it is said that "The Legislature, taking notice of the well-known fact that insurers keep a record of their policies, provided for a specification by number alone, which would serve to notify the defendant of the contract under which he was sued, and for a general declaration, which, with the specification, would inform the defendant that the plaintiff claimed to have fulfilled the provisions of the contract on his part * * *."   Good practice requires that the specification be filed with the writ, but non-compliance with this provision of the statute is not necessarily fatal to the suit.

[2, 3]   Though this specification was filed out of time and without leave or consent, the leave subsequently granted and the ruling then made took effect *nunc pro tunc,* and cured the omission.   Nor are the other grounds of the motion to dismiss the specification tenable.   The sufficiency of the specification under the statute is not, under this exception, questioned.   It is claimed, however, that it discloses a cause of action that cannot be recovered for under the complaint.   Though this be so, it does not follow that it should have been dismissed.   That the complaint was such that a recovery could not be had on the claim disclosed by the specification was not the fault of the latter.   It

was, in itself, complete and adequate, and the motion to dismiss it was properly overruled.

[4] The plaintiff asked for and was granted leave to amend the complaint by filing two additional counts based upon the policy referred to in the specification. The defendant excepted on the ground that the amendment introduced a new cause of action. But we held otherwise in *Schlitz* v. *Lowell Mutual Fire Ins. Co.*, 96 Vt. 337, 119 Atl. 513, wherein the whole subject is fully discussed.

[5, 6] The defendant demurred to each of the three counts. The demurrer was overruled, and an exception saved. While, as the plaintiff now admits, no recovery can be had on this policy under the original complaint, it was not demurrable. No defect appears on its face. 1 Chitty, 197. As a pleading, it is legally sufficient. That it is not in appropriate form could be taken advantage of at the trial, but if the defendant wanted to demur, it should have first obtained oyer of the policy, as was done in *Morrill's Admx.* v. *Catholic Order of Foresters,* 79 Vt. 479, 65 Atl. 526. The specification was no part of the complaint so far as the demurrer was concerned (*Currier* v. *King,* 81 Vt. 285, 69 Atl. 873), and while it might show the defendant how to plead, it could not be pleaded to. *New York Cent. R. R. Co.* v. *Clark,* 92 Vt. 375, 104 Atl. 343.

[7, 8] The first of the additional counts is a general count on the policy. So far as this demurrer is concerned, it is unquestionably adequate. It could be much condensed, to be sure, and still be sufficient under the statute, but it is not demurrable. It must be kept in mind all the time that the essentials of this cause of action may be stated generally (G. L. 1801), and in brief and simple language (G. L. 1791). The material facts to be thus stated are the contract, and the breach of it. Gould, Pl. 167. All that was ever required to constitute good pleading was that the matter pleaded should be sufficient, and that it be alleged according to the forms of law. Gould, Pl. 433. It was the latter requisite that caused most of the difficulties under the common law system of pleading; and the prime purpose of the Practice Act was to get rid of it. So all that now need be alleged is a contract and its breach. Any complaint, however, informal, that covers these is sufficient. Experiment shows that a dozen lines are enough for this purpose. But it is said that the policy con-

tains certain provisions regarding notice, proof of loss, and time
of bringing suit, which amount to conditions precedent to a right
of recovery, and that this count is demurrable because per-
formance of these is not averred.    However the. fact may be,
this count does not show any such conditions; and in determining
its sufficiency under the demurrer, reference cannot be had to any
other count for facts or conditions precedent.    Though these
counts are in the same complaint, they are for this purpose, as
distinct as if they were in different complaints (1 Chitty, 413);
each must stand or· fall on its own allegations (*Daly* v. *Gubbins,*
35 Ind. App. 86, 73 N. E. 833; *Smith* v. *Philadelphia, etc., R. Co.,*
[Del. Supr.], 115 Atl. 416), and only the facts in each count
will be considered under the demurrer thereto.    31 Cyc. 322;
*Hill* v. *Powers,* 16 Vt. 516; *Cole* v. *Gray,* 139 Ind. 396, 38
N. E. 856.    Even a concession of counsel does not vary this rule.
*Columbia Granite Co.* v. *Townsend & Co.,* 74 Vt. 183, 52 Atl.
432; *Douglass* v. *Morrisville,* 84 Vt. 302, 79 Atl. 391.

[9-13]    The second additional count assumes to be a special
count on the policy.    Whether it is sufficient as such we. are not
called upon to consider.    For even if a pleader essays an excur-
sion into the realm of common law pleading and volunteers to
encounter the difficulties and perils that beset one so venture-
some, he is not thereby deprived of the benefits of the statute
though he does not successfully complete that enterprise.    If in
the record he leaves, there can be read a contract and its breach,
the statute saves him.    His experiment may subject him to the
penalties specified in G. L. 1793, but he cannot be demurred out
of court.    That this count contains the essentials named cannot
be denied.    It sets out the contract, and alleges facts amounting
to a breach of it.    The defendant says that the latter facts are
not shown with sufficient particularity.    But we are to judge the
count, not by its sufficiency as a common law count, but by its
sufficiency as a statutory count.    As such its allegations are suf-
ficient.    For this reason, too, the general allegation in this count
that the plaintiff has kept and performed all the conditions of
the contract is adequate—though at common law, it would have
been necessary to set out each one of these and allege its fulfill-
ment.    *Hersey* v. *Northern Assurance Co., supra.*    In a general
count all this may be done in a general way.    That is what a gen-
eral count is.    *Wertheim* v. *Fidelity & Casualty Co.,* 72 Vt. 326,

47 Atl. 1071. See, also, *Tripp* v. *Vermont Life Ins. Co.*, 55 Vt. 100. This is not saying that the plaintiff will not have to prove all these things. That will depend upon whether they are put in issue by the answer. *Patterson's Admr.* v. *Modern Woodmen of America*, 89 Vt. 305, 95 Atl. 692. All the statute does is to provide a simpler mode of declaring. *Hersey* v. *Northern Assurance Co., supra.*

[14] Of the claim made in argument that this contract is not one that comes within the statute, we say nothing, for that question was not raised below, and no leave to present it here has been asked or granted. Sup. Ct. Rule 14 (99 Atl. ix).

*Judgment affirmed and cause remanded.*