Max L. Powell *v.* Will Rockwell.

February Term, 1924.

Present:   Watson, C. J., Powers, Taylor, Slack, and Butler, JJ.

Opinion filed May 7, 1924.

*Pleading—Relation of Evidence to Issues—Amendment of Complaint—Denial of Amendment as Stating A New Cause of Action Is Ruling as Matter of Law—Test of Propriety of Amendment—When Presumption That Court Inquired Outside The Record and Found Amendment to Be A Different Subject-matter Not Permissible.*

1. In an action of contract, where the pleadings consisted of a complaint containing the general counts with specifications, and special allegations referring to the specifications, and the answer was a general denial, evidence of the sale of goods described in the specifications by a third person to defendant *held* outside the issues.

2. Evidence is to be received only as it bears on the issues made by the pleadings.

3. Where the trial court refused to allow a proposed amendment of complaint on the ground that it was for a new cause of action, the denial is not an exercise of the court's discretion under G. L. 1796, but amounts to a ruling as a matter of law which is reviewable on exception thereto.

4. The test of whether a proposed amendment of a complaint should be permitted is whether it is a different matter or the same matter more fully or differently laid, being allowable only if found to be the latter.

5.  Where the exceptions expressly state that no other or different cause of action was claimed on the trial than that indicated by the proposed amendment of a complaint, and the identity of the claim so relied upon appears from a comparison of the allegations in the original complaint and the proposed amendment, the Supreme Court on review will not presume, in support of the ruling of the trial court denying amendment on the ground that it introduced a new cause of action, that such court inquired outside of the record and found the amendment to be a different subject-matter.

6.  A proposed amendment in an action of contract by an assignee of an account *held* not to present a new cause of action.

ACTION OF CONTRACT. Complaint consisting of general counts with specifications, and special allegations referring to the specifications. Answer, general denial. Trial by the Burlington city court, *J. A. McNamara,* Judge. Plaintiff requested permission to amend complaint, which was refused on the ground that the proposed amendment stated a new cause of action. Judgment for the defendant. The plaintiff excepted. The opinion states the case. *Reversed and remanded.*

*Max L. Powell* for the plaintiff.

*Theodore E. Hopkins* for the defendant.

BUTLER, J. This case comes here from the Burlington city court. The action is contract in the form of general counts with specifications. The complaint contains the additional allegations that the plaintiff is the actual *bona fide* owner of the account stated in the specifications, said account having been assigned to him on a certain day by one Hill for money loaned to said Hill by the plaintiff. The answer was the general denial. There was a trial by court with judgment for defendant.

The plaintiff offered to show by Hill that witness sold the defendant the goods described in the specifications. The court sustained defendant's objection that no such testimony could be given under the complaint and excluded the offered testimony, to which the plaintiff excepted.

Thereupon the defendant asked the court for leave to amend

34

the complaint by alleging in proper language a sale of the goods in question by Hill to the defendant, the latter's promise to pay therefor on demand, the subsequent assignment of such indebtedness by Hill to the plaintiff when and how the plaintiff acquired title thereto, and that he is the actual *bona fide* owner thereof. The court refused to allow the amendment on the ground that it was for a new cause of action, to which ruling plaintiff excepted.

[1, 2]   The offered testimony was manifestly outside the issues made by the pleadings without the amendment, and so was properly excluded.   Evidence is to be received only as it bears upon the issue.   *Brown* v. *Aitken,* 90 Vt. 569, 99 Atl. 265.

[3]   The remaining exception raises the question whether the proposed amendment was for the same cause of action.   By G. L. 1796, pleadings may be amended in matter of substance at any stage of the proceedings under the direction and in the discretion of the court.   That the amendment was not denied as a matter of discretion is apparent from the record.

The holding that it introduced a new cause of action amounts to a ruling as matter of law which is reviewable under the exceptions saved.

[4]   The test to be applied is whether the proposed amendment is a different matter or the same matter more fully or differently laid.   If found to be the latter, the amendment is proper; if the former, it is not.   *Schlitz* v. *Lowell Mutual Fire Ins. Co.,* 96 Vt. 337, 119 Atl. 513; *Howard National Bank* v. *Fidelity & Ins. Co.,* 96 Vt. 462, 122 Atl. 24.

[5]   We are not at liberty to presume, in support of the ruling, that the trial court inquired outside the record and found it to be a different subject-matter, as is sometimes permissible (*Patterson's Admr.* v. *Modern Woodmen of America,* 89 Vt. 305, 95 Atl. 692), for the exceptions expressly state that no other, or different cause of action was claimed on the trial than that indicated by the proposed amendment, and the identity of the claim so relied upon sufficiently appears from a comparison of the allegations in the original complaint and the proposed amendment.

The additional allegations of the complaint serve to identify the subject-matter of the suit as an indebtedness from the de-

fendant to Hill of which the plaintiff is the *bona fide* owner as assignee.

[6]   It follows that the proposed amendment did not present a new cause of action, but related to the same matter "more fully and differently laid," bringing the case within the rule that permits amendment to be made, and within the provisions of G. L. 1800, authorizing an assignee of a non-negotiable chose in action to sue thereon in his own name.

*Judgment reversed and cause remanded.*