LYDIA M. PARKER *v.* WINDSOR D. BOWEN.

May Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1924.

*Pleading—Amendments—New Cause of Action May Not Be Introduced .by Amendment—Test to Determine Whether Amendment Introduces New Cause of Action—Amendment as to Charge of Malpractice—Rule When Excepting Party Claims No Evidence of Material Fact and Tenders Transcript—Briefing by Other Party in Such Circumstances—Supreme Court Rule 6 .(5)—Insufficiency of Evidence to .Show Malpractice—Standard of Care and Skill Required for Physicians and Surgeons—Error to Submit Issue to Jury When No Competent Evidence to Establish Such Issue—Case Remanded for New Trial to Prevent Possible Injustice.*

1. While G. L. 1796 allows amendments in matters of substance, there is no provision thereof permitting an amendment of a complaint to introduce a new cause of action.

2. The true test of whether a proposed amendment to a complaint introduces a new cause of action is whether the proposed amendment is a different matter or the same matter more fully or differently laid, the "matter" referred to being the substance of facts which lie at the basis of plaintiff's claim, and not those originally alleged.

3. In an action of tort for malpractice, the basis of plaintiff's claim throughout being defendant's failure to discharge his professional duties in caring for plaintiff as his patient, amendment of complaint, from a charge of malpractice in permitting the drain placed in wound by surgeon to sink into wound and disappear, to a charge of malpractice in not discovering the presence of a sponge in the wound, and in not sooner removing it, was properly allowed.

4. Notwithstanding the general rule that excepting party has the burden of making error appear, when the excepting party takes the position that there is no evidence tending to establish a material fact, and upon that question tenders the transcript, it then becomes the duty of the other party to point out such evidence in his brief.

5. In such a case, the Supreme Court will not search the transcript for evidence, but under Supreme Court rule 6 (5) the other party is required to point out the evidence in his brief.

6. Evidence *held* not to sustain charge of malpractice.

7. The standard by which a physician is to be judged is the care and skill usually exercised in like cases by physicians and surgeons in the same line of practice in that general neighborhood.

8. Where there was no competent evidence tending to establish liability of a physician for malpractice on the basis of his not discovering a sponge in the wound at the time of operation by another, and in not sooner removing sponge, it was error to submit that issue to the jury.

9. Although defendant's motion to set aside general verdict for plaintiff, and for judgment for defendant on the record thus left, should have been granted, the Supreme Court, on review, will not follow its usual rule of rendering judgment the lower court should have rendered, where an injustice might thereby be done the plaintiff, but in such circumstances, will remand the case for new trial.

ACTION OF TORT for malpractice.   Plea, general issue.   Trial by jury at the April Term, 1923, Windham County, *Moulton, J.,* presiding.   Special verdict, and general verdict for plaintiff, and judgment rendered thereon.   The defendant excepted.   The opinion states the case.   *Reversed and remanded.*

*Warren R. Austin* and *Frank E. Barber* for the defendant.

It is error to instruct the jury on issues not in the case because of lack of evidence concerning them. *Sherwin* v. *Rutland R. R. Co.*, 74 Vt. 1, 51 Atl. 1089; *Porter Screen Mfg. Co.* v. *C. V. Ry. Co.*, 92 Vt. 1, 102 Atl. 44; *Vermont Box Co.* v. *Hanks*, 92 Vt. 92, 102 Atl. 91; *Niebyski* v. *Welcome*, 93 Vt. 418, 108 Atl. 341; *Bancroft* v. *East Montpelier*, 94 Vt. 163, 109 Atl. 39; *Hayden* v. *Hoadley*, 94 Vt. 345, 111 Atl. 343; *Brown* v. *People's Gas Light Co.*, 81 Vt. 477, 71 Atl. 204, 22 L. R. A. (N. S.) 738; *Place* v. *Grand Trunk Ry. Co.*, 83 Vt. 498, 76 Atl. 1110; *Ryder* v. *Vermont Last Block Co.*, 91 Vt. 158, 99 Atl. 733; *Andrews, Admr.* v. *Moretown*, 45 Vt. 1.

*George H. Thompson* and *M. P. Maurice* for the plaintiff.

POWERS, J. The defendant, a practicing physician, had professional charge of the plaintiff following an operation which required the surgeon to open the abdominal cavity. Dr. Hazelton performed the operation, and it is admitted that, so far as this case is concerned, the defendant's responsibility did not begin until Dr. Hazelton turned the patient over to him after the operation had been performed. Gauze sponges were used during the operation to cleanse the wound, and when the plaintiff was turned over to the defendant, one or more cigarette drains, made of rolled gauze and gutta percha were left sticking out of the wound to take care of the drainage therefrom. The plaintiff claimed that there were two of these; the defendant insisted that there was only one. The sponges were supposed to have been removed before the abdominal cavity was closed; and the cigarette drains were to be removed during the course of the patient's convalescence. The plaintiff did not make a good recovery, and it turned out that, without the fault or knowledge of the defendant, a sponge had been overlooked and left in the cavity at the time of the operation, and some fifteen weeks later this worked up to the surface and was removed. During the time this sponge was making its way out, the plaintiff languished and suffered. She brought this action for malpractice, alleging and claiming that one of the cigarette drains had been allowed to sink into the wound and disappear, and that it was the cause of her trouble, and that it was this drain that finally appeared and was removed. The action was originally brought against the defendant and his wife, Josephine Bowen, but was discontinued

as to the latter, and went to trial against the defendant alone. The jury found by a special verdict that the object removed was a sponge, and brought in a general verdict for the plaintiff. When it appeared at the trial that the defendant claimed that this object was a sponge and not a cigarette drain, the plaintiff was allowed to amend her complaint so as to charge malpractice in not discovering the presence of a sponge in the wound, and in not sooner removing it. The defendant excepted.

[1, 2] In support of this exception it is urged that the new count sets up a new cause of action, which is not allowable, even under the Practice Act. While G. L. 1796 allows amendments in matters of substance, there is no provision thereof that warrants an amendment introducing a new cause of action. It was held in *Carpenter* v. *Central Vt. Ry. Co.*, 93 Vt. 357, 367, 107 Atl. 569, that the statute did not change the rule and this has been repeatedly recognized since. *Prouty* v. *Pellett*, 96 Vt. 53, 117 Atl. 373; *Powell* v. *Rockwell*, 97 Vt. 528, 124 Atl. 567. In *Schlitz* v. *Lowell Mut. Fire Ins. Co.*, 96 Vt. 337, 119 Atl. 513, the amendment was sustained, it being considered that the course of legislation indicated that the Legislature intended to cover the right to amend in cases like the one then in hand. The established rule is very familiar to bench and bar; it is thus stated: "The true test is whether the proposed amendment is a different matter or the same matter more fully or differently laid." The term "matter" as here used refers to the substantial facts which lie at the basis of the plaintiff's claim, and not those orginally alleged. Thus in assumpsit, the foundation of the action is the debt which the plaintiff sets out to enforce, and so long as he sets up no new debt, he sets up no new cause of action. *Dana* v. *McClure*, 39 Vt. 197. So in trover, a new count may be added for other property converted at the same time, without offending the rule, *Haskins* v. *Ferris*, 23 Vt. 673; in a fire case against a railroad company a declaration alleging that the fire was caused by the mishandling of the defendant's engine, may be amended by adding a count alleging that the fire was caused by a defective engine, *Chaffee* v. *Rutland R. R. Co.*, 71 Vt. 384, 45 Atl. 750; and a declaration alleging alienation by enticement may be amended by adding a count for alienation by crim. con. *Daley* v. *Gates*, 65 Vt. 591, 27 Atl. 193. "As long as the plaintiff adheres to the contract or the injury originally declared upon," says Rowell, J., in the case last cited, "an alteration of the modes

in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action."

[3]   Applying this rule to the case in hand, it becomes very apparent that this amendment was properly allowed.   The basis of the plaintiff's claim throughout is the defendant's failure to discharge his professional duty in caring for her as his patient. The plaintiff by the amendment has not changed the basis of her claim; she adheres to the "injury originally declared upon," and alters only "the modes in which the defendant * * * caused the injury."   The defendant takes nothing by this exception.   The court charged the jury to the effect that the defendant was liable if he failed to use the requisite care and skill in discovering the presence of a foreign body in the wound, whether it was a drain or a sponge.

To this instruction the defendant excepted on the ground (among others) that there was no medical testimony tending to show that the defendant was at any fault in connection with the presence or removal of a sponge in the patient's body; and he claimed that the jury should be instructed that if it was found that the object was a sponge, the verdict should be for the defendant.

[4-7]   The plaintiff frankly admits that if such medical evidence is lacking, the defendant is entitled to a reversal.   It is a well-known rule of appellate practice that the excepting party takes the burden of making error appear.   But when, as here, the excepting party takes the position that there is no evidence tending to establish a material fact, and upon that question tenders the transcript, it becomes the duty of the other party to point out such evidence.   While we do not search for error, we do not, in such cases, search for evidence; we require it to be pointed out in the brief.   Sup. Ct. rule 6, (5).   The plaintiff attempts to comply with this requirement, and points to the testimony of Dr. Anderson as supplying the evidence that the defendant says is lacking.   We cannot sustain this claim.   Dr. Anderson testified to the effect that the defendant's treatment was medically and surgically proper.   The nearest he came to making the latter chargeable for malpractice was when he testified as to what he would have done in circumstances shown by the evidence.   But the defendant is not to be judged by what Dr. Anderson would have done.   The standard by which his work is to be judged is the care and skill usually exercised in like cases by physicians

and surgeons in the same line of practice in that general neighborhood. *Willard* v. *Norcross,* 81 Vt. 293, 69 Atl. 942; *Sheldon* v. *Wright,* 80 Vt. 298, 314, 67 Atl. 807. Dr. Anderson's methods might be above that standard and could not be substituted therefor.

[8] Nor does the result afford evidence of malpractice. *Sheldon* v. *Wright,* 80 Vt. 298, 315, 67 Atl. 807; *Wilkins' Admr.* v. *Brock,* 81 Vt. 332, 70 Atl. 572. There being no competent evidence tending to establish liability on the basis of the sponge, it was error to submit that issue to the jury. *Smith* v. *Central Vt. Ry. Co.,* 80 Vt. 208, 67 Atl. 535; *Ryder* v. *Vermont Last Block Co.,* 91 Vt. 158, 99 Atl. 733. The prejudicial effect of this error is admitted by the concession above referred to.

[9] The defendant moved to set aside the general verdict and for a judgment for the defendant on the record as thus left. This motion was overruled and the defendant excepted. That this motion should have been granted results from our holding on the last preceding point, and the question arises as to what disposition of the case shall be here made,—shall we render the judgment that the court below should have rendered, as our rule would ordinarily require, or shall we remand the case so that the real issue can be tried out below? It seems apparent to us that an injustice might be done to this plaintiff if we render final judgment against her. To avert that result, we think the case should be remanded. *Hebard* v. *Cutler,* 91 Vt. 218, 99 Atl. 879; *Rice* v. *Bennington County Sav. Bank,* 93 Vt. 512, 108 Atl. 708; *O'Boyle* v. *Parker-Young Co.,* 95 Vt. 58, 112 Atl. 385.

*Judgment reversed and cause remanded.*