CHARLES.E. BURLESON ET UX. *v.* NELLIE M. GRIMM FOX.

May Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed October 3, 1928.

*Theriault & Hunt* for the defendant.

*Gelsi Monti* for the plaintiffs.

WATSON, C. J.    This is an action of tort to recover damages for the alleged conversion of numerous specified articles of personal property owned and possessed by the plaintiffs, demanding damages in the sum of one thousand dollars.    The complaint is in one count, the conversion being therein alleged as on the 6th day of January, 1928, by the defendant to her own use.    The complaint was dated January 7, 1928, served upon defendant January 19, and filed in Washington county court to which it was made returnable, January 23.    The personal property thus alleged to have been converted is specified in the original complaint with value as follows: "one Champion Evaporator and arch four feet wide and twelve feet long with draw-off on the right side, of the value of three hundred eighty dollars, one twenty-barrel storage tank of the value of forty-two and 50-100 dollars, one four-barrel gathering tank of the value of thirty-two dollars, five hundred No. 4 sap spouts of the value of twenty dollars, and five hundred thirteen-quart special buckets of the value of three hundred thirty dollars, also one set of grates for sugaring together with one gathering barrel and thermometer of the value of thirty dollars, * * * *" That count contains no

allegation as to the location of said property when thus converted.

At the following March term of said court, the plaintiffs, by leave of court first had and obtained, filed in said cause two amended counts to their complaint. The first of these amended counts differs from the orginal count in the complaint only as to the date of the alleged conversion and in specifying the location of the property: In the original the date given is January 6, 1928, while in the amended count it is September 12, 1927; and in the latter is an additional allegation that at the time of the conversion the said property was located and used by the plaintiffs on their home farm in Northfield.

The second amended count is in all respects as to substance and dates like the first, except that the last two paragraphs contain further allegations, the first to the effect that at the time of the alleged conversion the defendant and one Esther M. Grimm of Rutland were doing business at, etc., under the firm name and style of G. H. Grimm Company, as a partnership, and the said Esther M. Grimm and the defendant, as such copartners, on the 12th day of September, 1927, did obtain possession of the plaintiffs' said personal property, and did then and there convert and dispose of the same to the use of themselves as such copartners; that the said Esther M. thereafterwards, to wit, on the 14th day of the same month, deceased, and the defendant is the only surviving member of the said partnership company. Then follows the second or concluding paragraph as follows: ''By means of the premises the plaintiffs have sustained damages in the sum of * * * * and they bring this action against the said defendant, as surviving partner of the said G. H. Grimm Company, to recover'' their damages and costs.

Defendant moved to dismiss said second amended count, assigning numerous specific reasons all of which are within the scope of the third, namely, that it introduces a new and different cause of action from that set forth in the original count to the complaint. The exceptions state that from an inspection of the pleadings and without evidence or further inquiry, the court overruled the motion allowing defendant exceptions thereto, and thereon passed the case to this Court under the statute before final judgment.

G. L. 1796 provides that pleadings may be amended in matters of substance at any stage of the proceedings, under

the direction and in the discretion of the court, upon such terms as the court shall impose. But this statute does not go to the extent of permitting an amendment which will introduce a new cause of action. *Schlitz* v. *Lowell Mutual Fire Ins. Co.,* 96 Vt. 337, 119 Atl. 513; *Howard National Bank* v. *Fidelity & Casualty Co.,* 96 Vt. 462, 121 Atl. 24; *Powell* v. *Rockwell,* 97 Vt. 528, 124 Atl. 567; *Parker* v. *Bowen,* 98 Vt. 115, 126 Atl. 522.

The vital question before us then is, whether the second amended count introduced a new cause of action. As before observed, that count in substance and dates is like the first amended count, except it contains further allegations that at the time of the alleged conversion, there existed a partnership relation between defendant and Esther M. Grimm, and that they as copartners, on the day named, obtained possession of the plaintiffs' said personal property, and then and there converted and disposed of the same to their own use as such copartners; that subsequently the said Esther M. deceased, leaving the defendant as the only surviving partner. The concluding paragraph is then quoted to the extent necessary to show the force of one feature apparent on its face.

The word "premises," as used in the paragraph last mentioned, means "facts previously stated in that count," and the averment that "they bring this action against the said defendant, as surviving partner of the said G. H. Grimm Company, to recover," etc., is in effect that said amended count is for the same cause of action as the original and the first amended counts. If it were doubtful, or if the said two other counts could only possibly be for the same cause of action, this averment would be given that force, certainly in support of the ruling. *Sawyer* v. *Childs,* 83 Vt. 329, 75 Atl. 886. But we do not here rest upon the principle there laid down. Under the allegations, the conversion charged was by the said Esther M. Grimm and the defendant jointly as copartners. If they tortiously converted the property to their own use, their liability for damages was the same, whether they did it together, acting as private individuals, or did it together, acting as copartners. In either event, they were joint tort-feasors, jointly and severally liable therefor, and the cause of action would be the same. After the death of Esther M. the same cause of action with the same liability continued to exist against the defendant as before; and as to liability the only reason for naming him as surviving

partner, was to give a true and more complete description of the cause of action. See *Meader* v. *Leslie*, 2 Vt. 569. The amendment is the same matter more fully laid, and so proper. *Powell* v. *Rockwell, supra.* There was no error in overruling defendant's motion to dismiss the amended counts.

*Affirmed and remanded.*