FLOYD NORWAY *v.* MOODIE PETIT ET AL.

May Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 6, 1942.

*Witters & Longmoore* for plaintiff.

*Lee E. Emerson* for defendant.

MOULTON, C. J. The defendants leased their farm to the plaintiff for the period of one year. The lease was in writing, but was subsequently twice modified by the parties, once orally

454

and once in writing. The plaintiff brought this action in contract, alleging a breach of the lease by the defendants resulting in his damage. Trial was by jury, with verdict and judgment for the plaintiff, and the cause is here on the defendant's exceptions.

The defendants claimed that the original instrument and the written modification were ambiguous, and offered evidence from different witnesses tending to show the understanding of the parties with regard to them. The trial court ruled that there was no ambiguity and excluded the evidence, subject to the defendant's exceptions. Both of the writings were introduced in evidence on trial, and marked as exhibits, but the exhibits are not referred to, even by number, in the bill of exceptions or made a part of it, nor, indeed, have they been furnished us. They are not in the record of the case, and we cannot say that the ruling was erroneous. *St. Albans Granite Co.* v. *Elwell and Co.,* 88 Vt. 479, 486, 92 Atl. 974; *Rogers* v. *Bigelow,* 90 Vt. 41, 44, 96 Atl. 417; *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 297, 143 Atl. 394. Since it is incumbent upon the excepting party to present a record by which error is affirmatively shown, and he alone carries the risk of mistakes or omission therein (*Higgins, Admr.* v. *Metzger, supra*) these exceptions are unavailing.

When the plaintiff offered the original contract in evidence, the defendants objected on the ground that it was not the contract alleged in the declaration. Their counsel stated that the declaration set forth that certain cows were to be placed on the farm by the defendants on March 1, 1940, while the contract provided that this should be done on May 1, 1940. On motion by the plaintiff, the court permitted an amendment of the declaration, changing the date to May 1, and the defendants excepted. There was no error here. The allowance of the amendment was within the discretion of the trial court. P. L. 1579; *Burleson* v. *Fox,* 101 Vt. 225, 227-8, 143 Atl. 298. It introduced no new cause of action. *Burleson* v. *Fox, supra.* There is no showing of an abuse of discretion.

An exception was taken to the admission in evidence of Plaintiff's Ex. 2, the written modification of the original written contract, the ground being that it showed a different contract than the one declared upon. Since the instrument is not in the

record and not a part of the case before us, we are unable to find error in the ruling, and the exception is unavailing.

Several exceptions were taken to the admission of evidence offered by the plaintiff upon the issue of damages. The grounds of the exceptions were that the items of damage covered by the evidence were immaterial under the contract of lease. But in the absence of a record containing the written contract, no error is made to appear.

The last ground for the defendant's motion for a directed verdict, which was overruled subject to exception, and the only ground mentioned in their brief is that: "The plaintiff has not proven a single allegation which he has alleged in his declaration." All that is said regarding this is that it raises the question of variance and of failure of proof of the contract declared upon. This is inadequate briefing, and so, if for no other reason, the exception cannot be considered. The ground of the motion is, moreover, too general to require attention. *Saliba* v. *N. Y. C. R. Co.*, 101 Vt. 427, 434, 144 Atl. 194; *Porter Screen Co.* v. *C. V. Ry. Co.*, 92 Vt. 1, 6, 102 Atl. 44; *Castonguay* v. *G. T. Ry. Co.*, 91 Vt. 371, 375, 100 Atl. 908.

As tending to show that he carried on the farm in a good and husbandlike manner the plaintiff testified without objection that on the day after Thanksgiving, 1940, he was away from the farm and that he telephoned Norma Wilbur, the daughter of a neighbor, Jack Wilbur, requesting her to call another neighbor, David Dopp, on another telephone line, and ask him to do the chores that night and the following morning. Mr. Wilbur was then permitted to testify to the effect that on the same day he heard his daughter speaking over the telephone to Mrs. Dopp, and asking her to have David Dopp go to the farm and do the chores that night and the next morning. This testimony was received subject to an exception on the ground that it was hearsay. The objection is not sound. The probative force of the testimony did not depend on the credibility of Miss Wilbur, who was not a witness. The evidence tended to show one step in the delivery of the message which the plaintiff had requested the young lady to communicate to Mr. Dopp. *Carpenter* v. *Gib-*

*son,* 82 Vt. 336, 340-1, 73 Atl. 1030. See also, 3 Wigmore, Evidence, para. 1770 (3); 1 Greenleaf, Evidence (16 Ed.) para. 110-a. It was properly received.

All the defendant's exceptions have been examined and no reason for disturbing the judgment has been found.

*Judgment Affirmed.*